THOMAS J. JONES v. THE BOARD OF COMMISSIONERS OF BLADEN COUNTY.

The demand necessary to support an action against the Commissioners of a county for the recovery of a debt, must show that it was made upon the person authorized by law to pay, or if authorized to pay, that the plaintiff had placed himself in a situation to make the demand, by having had his claim previously audited.

The complaint in such action should aver that the plaintiff having had a claim audited and allowed by the Board of County Commissioners, presented it to the County Treasurer for payment, and that he declined to accept the same and make payment, of which the defendants had notice: *otherwise*, such complaint will be subject to demurrer.

(The case of *Love* v. *Commissioners of Chatham*, 64 N. C. Rep. 706, cited and approved.)

CIVIL ACTION for the recovery of money loaned, tried upon complaint and demurrer, before his Honor Judge *Kerr*, at Spring Term, 1875, of the Superior Court of BLADEN county.

In this complaint, among other things, the plaintiff charged that in 1864 he loaned to the county of Bladen $16,000, for which he received a bond signed by the Chairman of the Court of Pleas and Quarter Sessions, and countersigned by the Clerk of said Court, and under the seal thereof. That the Justices of said Court did not pay, nor have the defendants, as their successors since paid the said sum of $16,000, and interest upon the same, nor any part thereof, though the same has been demanded by the plaintiff before the bringing of this action, &c.; prays judgment, and for a writ of *mandamus*.

The defendants demurred, alleging for cause :

That the complaint does not show that the claim was submitted to and audited by the Board of Commissioners, and an order on the County Treasurer given therefor; nor,

Does the complaint show that the plaintiff presented his claim to the proper officer for payment; nor that he demanded payment; nor that said officer refused to accept the same, and that the defendants had notice of its non-acceptance.

Upon the hearing, his Honor overruled the demurrer and the defendants appealed.

*T. H. Sutton,* for appellants, filed the following brief:

1. The bond declared upon by the plaintiff comes under the meaning and purview of the act of 1868, chap. 19, page 21, ratified the 22d of August, 1868, which declares :

" That it shall not be lawful for the County Treasurers of this State to pay out of the funds of the counties any order or *other certificate of indebtedness* issued by the late County Courts, *unless* the same shall have been audited by the Board of County Commissioners." Bat. Rev., chap. 30, sec. 11, p. 285.

2. The exercise of such authority by the Board of Commissioners is incidentally referred to in *Love* v. *Com. of Chatham*, 64 N. C. Rep., 706, and *Mauney* v. *Com. of Montgomery*, 71 N. C. Rep., 486, going to show that all such " certificates of indebtedness" must be audited by the Commissioners, because the law so says.

3. The complaint does not aver that the defendants refused to give the plaintiff an order for his claim, as allowed by them, if it had been presented and audited ; nor a demand upon the *proper officer*, nor that he declined to accept such order, or make payment of the same, nor that the defendants had notice of such non-acceptance or non-payment. *Love* v. *Commissioners of Chatham*, 64 N. C. Rep., 706. Nor that the prosecutor did all in his power to obtain redress. *Alexander* v. *Commissioners of McDowell*, 67 N. C. Rep., 330.

*Merrimon, Fuller & Ashe,* contra.

Bynum, J. That a demand was necessary before action begun is well settled. *Love* v. *Commissioners of Chatham*, 64 N. C. Rep. 706. If, therefore, it had appeared from the complaint that no demand had been made, that would have been good cause of demurrer. If it had appeared that a demand had been made,

but upon the wrong party, that also would have been cause of demurrer. The averment of demand is in the following words : " That the justices of the late Court of Pleas and Quarter Sessions did not pay, nor have the defendants, as their successors, since paid the said sum of sixteen thousand dollars and interest upon the same, nor any part thereof, though the same has been demanded by the plaintiff before the bringing of this action." Demanded of whom ? The late County Court ? The County Commissioners ? Or the Treasurer of the county ?

After the adoption of the present Constitution of the State the powers and duties of the late County Courts in respect to the finances of the county, were devolved upon the newly created officers of the county, under the rules and regulations prescribed by the act of 1868-'69, Bat. Rev., chap. 30. By chap. 30, sec. 8, it is made the duty of the county treasurer to receive all monies belonging to the county and to apply them as required by law. By section 11 it is provided that " it shall not be lawful for the County Treasurers of this State, to pay out of the funds of the counties any order or other certificate of indebtedness, *issued by the late County Courts*, unless the same shall have been audited by the Board of County Commissioners."

It was therefore the duty of the plaintiff, 1st. To apply to this Board and have his claim audited and allowed ; 2d. If allowed, to present it to the Treasurer and demand its payment. A demand of payment made upon the Board would be no demand at all, for the Board has power only to audit and allow or disallow. A demand upon the Treasurer, without the certificate of the Board that the claim was audited and allowed, would be no legal demand, for he can only pay claims which have been so allowed.

If the plaintiff had alleged in his complaint that he had presented his claim to the Board of Commissioners to be audited and allowed, and that they had refused to act or had disallowed it, he would have had a cause of action ; or had he alleged that he presented to the Treasurer a claim so allowed, and that he

had refused payment, he would have had a cause of action. The demand as set out is clearly insufficient, in that it does not show that it was made upon the person authorized by law to pay, or if authorized to pay, that the plaintiff had placed himself in a situation to make the demand, by having had his claim previously audited.

It is insisted by the plaintiff that under C. C. P., sections 119 and 120, pleadings are to be liberally construed with a view to substantial justice, and that, therefore, when the allegations in a pleading are indefinite and uncertain, the Court may require them to be made certain and definite by amendment. That argument more properly should be made in the Court below where only amendments can regularly be made. But when the defendant, by demurrer, points out the defects of the complaint, and the plaintiff then fails or refuses to amend, as he would be allowed to do, he is not taken by surprise, and has no right to claim a benefit in this Court, which he has refused in the Court below. Nor would substantial justice be done to the parties by a construction of the pleadings so liberal as to hold that the demand here was both made upon the proper officer, and after a compliance with all the pre-requisites to a valid demand; for *non constat*, that if the plaintiff had first had his claim audited and allowed, and then demanded payment of the treasurer, that it would not have been paid without suit. The complaint should have avowed that the plaintiff, having a claim audited and allowed by the Board of Commissioners, presented it to the County Treasurer for payment, and that he declined to accept the claim and make payment, and that the defendants had notice of this. As was said in *Love* v. *Commissioners of Chatham*, " this was clearly necessary to constitute a cause of action against the commissioners, as much so as a demand upon the drawee, and notice to the drawer or endorser of an inland bill of exchange."

There was error. Demurrer sustained and action dismissed.

PER CURIAM.          Judgment reversed.