LAY GAS MACHINE COMPANY v. FALLS OF NEUSE MAN-
UFACTURING COMPANY.

*Pleading, complaint and answer.*

A complaint which alleges that a certain matter was within the per-
sonal knowledge of the defendant, is not met by an answer "that
defendant has no knowledge or information sufficient to form a
belief" in reference to it. The ruling of the court below that the
answer admits the plaintiff's cause of action and offers no suffi-
cient defence, is approved.

CIVIL ACTION, tried at March Special Term, 1884, of
WAKE Superior Court, before *Avery, J.*

The complaint alleges and the answer admits that, about
the middle of October, in the year 1881, the plaintiff sold
the defendant a certain machine for the generation of gas,
at the list price of nine hundred and seventy-five dollars,
subject to a discount or deduction of one-third of that sum,
and on the terms that the defendant should have it on trial
for ninety days, during which, if dissatisfied with its oper-
ation, he could return it, and plaintiff would take it back.
The plaintiff further states that about the month of Feb-
ruary thereafter he forwarded the machine to the defendant,
who retained possession for more than twelve months there-
after without making any complaint, and that upon demand
he refuses to make payment. To this last averment the
defendant replies that he " has no knowledge and no infor-
mation sufficient upon which to found a belief as to the
time when complaint was first made about the machine."

The defendant says that the ninety days was to be com-
puted from the time when he began to use the instrument,
and he sets up as a defence that the machine " is not a good
and sufficient machine, and is so defective that it does not
generate the quantity and quality for which it was bought,

GAS MACHINE CO. *v.* NEUSE MFG. CO.

and which it was represented by the plaintiff it would certainly generate, and further, that after a full and fair trial" it is not worth more than one half of the price of $650.

The court, being of opinion that the answer admits the plaintiff's cause of action and offers no sufficient defence, on motion of plaintiff's counsel, rendered judgment for the amount of the plaintiff's claim with interest, and the defendant appealed.

*Messrs. D. G. Fowle* and *Armistead Jones,* for plaintiff.
*Messrs. Fuller & Snow* and *E. C. Smith,* for defendant.

SMITH, C. J., after stating the case. We concur in the opinion of the court that while the answer concedes the contract of indebtedness, it sets up no legal defence to the plaintiff's recovery.

It is no sufficient answer to an allegation of a matter charged to be within the personal knowledge of the defendant, his possession for more than a year and failure to prefer any complaint or make known his dissatisfaction, to say that he has no knowledge or information sufficient to form a belief as to the time when complaint was first made, without saying that any was made at all. Facts charged to be known to a party ought to be met, if not admitted, with a direct denial, or the want of recollection if they cannot be recalled to memory. Pomeroy on Rem. & Rem. Rights, § 641, and cases cited in note; FIELD, J., in *Curtis* v. *Richards,* 9 Cal., 33.

The defence arising upon a supposed warranty of false representation is unavailing, since the parties in their agreement provide for a return of the machine at the defendant's election after a sufficient trial; and this method of redress supersedes the others, if any other upon the facts is open to the defendant in the absence of that agreed upon.

Whether the answer be deemed frivolous or a concession

of the plaintiff's right of action, to which no legal defence is offered, the ruling of the court and the rendition of the judgment was correct in law and must be upheld. Let the judgment be affirmed.

No error.                                        Affirmed.