R. W. APPLEGARTH v. J. R. TILLERY.

*Negotiable  Note—Endorsement—Presumption  of  Ownership— Fraud—Sufficient Evidence.*

1.  Where the plaintiff, endorsee of a negotiable note, produces the same at trial in a suit for the consideration, its execution being admitted, the law presumes the plaintiff is the owner and that it was assigned to him before maturity, no evidence being offered to rebut this presumption.

2.  Where the only evidence affecting the *bona fides* of the *endorsement* was that, at the time of the *execution,* there were some facts that might have indicated fraud on the part of the *payee: Held,* that the plaintiff (endorsee) was entitled to the instruction that there was no sufficient evidence to go to the jury that the plaintiff was not the owner of the note, and that a failure on the part of the Court below to give this instruction, when asked, entitled the plaintiff to a new trial.

This was a CIVIL ACTION, tried at the February Term, 1890, of HALIFAX Superior Court, before *Boykin, J.*

The following is a copy of the case stated on appeal:

The plaintiff alleged that defendant executed the note sued on, and that the same was transferred to him for value and before maturity.

The defendant admitted the note, but says that its execution was obtained by fraudulent representations of the payees, in that the payees, in consideration of the note, promised to give defendant the formula for making lubricating oil, and refused so to do; and defendant averred that they never had any such formula, and that their promise and assignment to plaintiff were made with the intent to defraud the defendant, and denies that the assignment was made before maturity or for value.

The Justice of the Peace gave judgment for plaintiff, and the defendant appealed to the Superior Court.

The note is, in words and figures, as follows:

"$100.                    TILLERY, N. C., January 20, 1888.

"Ninety days after date, I promise to pay to the order of Messrs. H. Fink & Sons one hundred dollars, value received, at the office of Eure, Farrar & Co., Norfolk, Va.

                                        J. R. TILLERY."

The following issue was submitted by his Honor to the jury:

Is the plaintiff the owner of the note described in the complaint?

The jury responded, No.

The plaintiff produced the note at the trial, and offered his own deposition in evidence, which was regularly taken in the city of Baltimore, and was as follows:

"I am the holder of the note of J. R. Tillery, drawn by him to Henry Fink & Sons' order, dated about the 19th or

20th of January, A. D. 1888, for the sum of one hundred dollars, and payable three months after date, which was on the 19th to 22d day of April, A. D. 1888, and by the said Henry Fink & Sons endorsed in blank to Catherine Fink, and by her endorsed to me. The note was made payable at the office of some one in Norfolk. I sent the note after it became due and was protested, as I believed, to my attorneys, Messrs. Whitaker & Whitaker, at Halifax, N. C., for collection. I purchased the note from Mrs. Catherine Fink on the 24th day of January, A. D. 1888, on which date I gave her my check for fifty-five dollars, which was paid on presentation, and a receipt for forty-five dollars which she then owed me. I did not have any notice or knowledge of any equities as between Tillery, the maker, and Fink & Sons, the payees, of the note, or anybody else connected with it, but, on the contrary, I was told by Mrs. Fink that the note was given for value, and that Tillery was a man of means, and that the note would certainly be paid at maturity. I looked up the maker's standing, and being satisfied that he was a man whose credit was good, I purchased the note *bona fide*, and for value."

The defendant was then offered in his own behalf, and he testified as follows:

" One Fink, one of the payees in the note, came to my place of business and offered that, if I would give him my note at 90 days for $100, he would furnish me a formula for making lubricating oil, which would enable me to get oil of first-class quality for one-half of its usual price. I executed the note and handed it to him. He put it in his pocket, and then told me not to tell the formula, and said mix a white substance with ordinary oil in proportions of one-half each, sprang into his buggy and drove off. That formula was the only consideration for that note. I have not paid the note."

The defendant then offered in evidence the endorsements on the note, which are: " H. Fink & Sons," " Catherine Fink"; and the execution of the note was admitted.

The plaintiff asked his Honor to charge the jury—

1. That the plaintiff having produced the note at the trial, and its execution being admitted, and being negotiable, the law presumes that the plaintiff is the owner of the note, and that it was assigned to him before maturity, and that there was no evidence to rebut the presumption.

2. That there was no sufficient evidence to go to the jury that the plaintiff was not the owner of the note.

His Honor gave the first part of the first instruction requested, but declined to charge that there was no evidence to rebut the presumption.

He refused to give the second instruction, but charged the jury that, if they believed the evidence, the plaintiff was entitled to recover.

The plaintiff excepted for refusal to charge as above requested, and appealed from the judgment rendered upon the verdict.

*Messrs. F. W. Whitaker* and *R. O. Burton,* for plaintiff.
No counsel *contra.*

MERRIMON, C. J.—after stating the facts: The note sued upon was negotiable, and the title to it passed to the holder thereof by endorsement. The execution of it, and the endorsement thereof, were not questioned. The presumption was that it and the endorsement were founded upon a valuable consideration. The possession, and production of it in evidence on the trial, implied that the plaintiff acquired it in the course of business, in good faith, and for full value, before it became due, and without notice of any fact impeaching its validity in his hands. The plaintiff certainly produced evidence to prove his case *prima facie.* The burden

was, then, on the defendant. *Meadows* v. *Cozart,* 76 N. C., 450, and the authorities there cited.

We cannot hesitate to hold that the defendant produced no evidence, nor was there evidence, to prove that the plaintiff was not the owner of the note, and we cannot see why the Court did not give the instruction as requested by the plaintiff. He was clearly entitled to it. The mere fact that the payee of the note may have perpetrated gross fraud upon the defendant in obtaining the note from him cannot affect the course of justice.

The plaintiff is entitled to a new trial, and we so adjudge.

Error.