THE COMMERCIAL BANK OF DANVILLE v. W. H. S. BURGWYN.

*Negotiable Instruments—Evidence—Burden of Proof—Presumption—Purchaser for Value.*

While there is a *prima facie* presumption of law that the holder of negotiable paper is the owner, and took it for value and before dishonor. if fraud or illegality in the inception of the instrument is set up as a defence and evidence tending to support it is offered, such presumption is rebutted and the burden of proof is shifted to the endorsee to show that he is a *bona fide* purchaser for value.

(*Applegarth* v. *Tillery*, 105 N. C., 407, cited and distinguished).

This is a CIVIL ACTION which was tried before *Womack, J*, at October Term, 1890, of VANCE Superior Court.

The plaintiff declared upon a note executed by the defendant to Ruffin & Hairston, and on Ballou, for $1,416.67, dated 14th June, 1888, due one year from date, and alleged that it purchased for value before maturity.

The defendant answered, setting up fraud and misrepresentation by the original payees at the time of, and vitiating the instrument sued on.

Plaintiff offered in evidence the note sued on, and rested.

The defendant then introduced evidence tending to establish his defence.

The Court charged the jury that if they believed the testimony, the plaintiff was entitled to recover.

Defendant excepted. Verdict and judgment for plaintiff, and defendant appealed.

*Mr. A. W. Graham*, for plaintiff.
*Messrs. R. H. Battle* and *S. F. Mordecai*, for defendant.

SHEPHERD, J.: The note sued upon was negotiable, "and there is a *prima facie* presumption of law in favor of every holder of a negotiable paper to the extent that he is the owner of it, and that he took it for value and before dishonor." Parsons' Notes and Bills, 255; *Tredwell* v. *Blount*, 86 N. C, 33.

Where, however, fraud or illegality in the inception of the instrument is pleaded, and the defendant introduces evidence tending to establish such plea, then the *prima facie* case made by the endorsee, who simply offers the note and proves its execution, is so far rebutted as to shift the burden of proof and to render it essential to his right of recovery that he show that he is a *bona fide* purchaser for value and without notice. *Pugh* v. *Grant*, 86 N. C., 39; 1 Daniel Neg. Instruments, 815.

Mr. Daniel says (§ 166) that, in such a case, "a new coloring is imparted to the transaction. The plaintiff, if he has become innocently the holder of the paper, is not permitted to suffer; but, as the knowledge of the manner in which it came into his hands must rest in his bosom, and the means of showing it must be much easier to him than to the defendant, he is required to give proof that he became possessed of it for a sufficient consideration. If he is innocent, the burden must generally be a light one, and if guilty, it is but a proper shield to one who would be, but for its protection, his victim."

Applying these principles to the case before us, it is plain that his Honor erred in charging the jury that if they believed the evidence, the plaintiff was a purchaser for value and without notice.

The defendant pleaded that the execution of the note was induced by the fraudulent representation of the payee, and there was evidence tending to establish the alleged fraud. It then became incumbent on the plaintiff to show that he purchased for value and without notice, and failing to do this, he was not entitled to the instruction given by the Court. It is but just to say that, while this point is properly taken here, it does not seem to have been made in the Court below, the question there being the effect of actual notice to the vice-president of the plaintiff, under the circumstances.

The case of *Applegarth* v. *Tillery*, 105 N. C., 407, cited by the plaintiff's counsel, does not conflict with the view we have taken. In that case there was *ample testimony* to show that the plaintiff purchased before maturity for value and without notice, and there was no contradictory evidence as to these points. The Court held that mere proof that the payee had procured the note by fraud was no evidence to contradict the express testimony of the plaintiff that he was the owner. This is very plainly the ground of that decision, and we cannot regard the reference to the first prayer of

instruction as controlling the real meaning of the opinion. Certainly the Court did not intend to impinge upon the firmly established principles which we have laid down as applicable to the facts before us.

It is further to be observed that the sole issue in that case related only to the *ownership* of the note sued upon.

New trial granted. Error.