JAMES M. CAMPBELL v. P. F. PATTON et al.

*Practice—Pleading—Frivolous Answer—Fraud—Innocent Purchaser of Note Before Maturity.*

1. Although an answer to a complaint in an action on a note does not set out the allegations of fraud with that particularity that the rules of pleading ordinarily require, yet, if it seems intended to raise a serious question of fraud, it will not be stricken out as frivolous, for, if filed in good faith, the defendant is entitled to have the facts alleged in it either admitted by demurrer or tried by a jury.

2. Where the complaint in an action by the endorsee of a note does not state that the plaintiff purchased the note for value and before maturity, an answer by the defendant that the execution of the note by him was procured by the fraud of the payee puts upon the plaintiff the burden of proof to establish the fact that he was the purchaser for value, and before maturity, and without notice of the alleged fraud.

Action tried at August Term, 1893, of BUNCOMBE Superior Court, before *Armfield, J.*

The allegations of the complaint are as follows:

" 1. That on the 10th day of July, 1890, the defendants P. F. Patton and Natt Atkinson executed their three promissory notes in writing for the sum of $2,500 each, payable respectively one, two and three years, with interest from date at the rate of 8 per centum per annum, payable semi-annually, to the defendant C. E. Graham, and made payable to his order.

"2. That before the commencement of this action the defendant C. E. Graham endorsed said notes for full value to the plaintiff.

" 3. That all of said notes are past due, and no part thereof has been paid, except the interest to January 10, 1893."

The answer of the defendant Patton is as follows:

"1. That the allegations set forth in the first paragraph of the complaint he admits to be true.

31

"2. That the allegations contained in paragraph two thereof are not of his own knowledge, nor has he information sufficient to form a belief in the truth thereof, and he therefore denies the same to be true.

"3. That the allegations contained in the third paragraph thereof he admits to be true."

For a further defence this defendant says:

"1. That on or about the 10th day of July, 1890, or just prior thereto, the defendant Natt Atkinson approached this defendant and represented to him that if he, this defendant, would join him, the said Atkinson, in purchasing a certain piece of land, situated in the western portion of the city of Asheville, belonging to the defendant C. E. Graham, for the price of $9,000, he, the said Atkinson, could sell the same for a much greater sum; and led this defendant to believe that he had at that time arranged for selling the said land at a greatly advanced price, much in excess of the said sum of $9,000.

"2. That, induced by the representations so made by the said Atkinson, and having then great confidence in the said Atkinson, this defendant consented to join the said Atkinson in the purchase of the said land for the said sum of $9,000, and the notes, which are the subject of this action, were given for the balance of the purchase-money for the said land.

"3. That this defendant is informed and believes that at the time the said representations were so made to him by the said Atkinson as aforesaid, to the effect that the said Atkinson had already arranged to sell the said land, as is set forth in the first paragraph of this further defence, the said Atkinson had not obtained a purchaser for said land, nor had he arranged to sell the same, as was represented by him, but that the said Atkinson was acting as the agent of the said C. E. Graham, the owner of the said land, and that they combined to cheat and defraud this defendant by inducing

him to purchase said land at a price far in excess of its true value, to-wit, $5,000.

"4. That by the false and fraudulent representations and inducements of the said Atkinson and Graham made to this defendant, as aforesaid, this defendant was induced to purchase said land, and to execute said notes.

"5. That he is willing, ready and able to cancel the deed made to him so far as any interest was conveyed to him, and reconvey all interest that he may have acquired by reason of said sale to him."

Wherefore, the defendant P. F. Patton prays judgment that the said notes be delivered up and cancelled; that the plaintiff take nothing by his suit; that he recover his costs, and for such other and further relief as under the circumstances of this case the Court may deem just.

This answer was adjudged to be frivolous, and, the other defendants having failed to plead, judgment was granted against all the defendants according to the prayer of the complaint, and the defendant Patton appealed.

*Messrs. Busbee & Busbee*, for plaintiff.
*Mr. Thomas A. Jones*, for defendant Patton (appellant).

BURWELL, J.: The answer of defendant Patton avers that he was induced to sign the negotiable promissory notes sued on in this action by a fraudulent conspiracy between the payee, C. E. Graham, and his co-defendant, Natt Atkinson. The allegations of fraud are not as definite and particular as the rules of pleading would probably require them to be made, but the answer certainly contains enough to relieve it from the charge of being frivolous. It seems intended to raise a serious question, and when that appears the Courts will not readily decide such an answer to be frivolous. *Erwin* v. *Lowery*, 64 N. C., 321. If it was filed in good faith and is not clearly impertinent, the defendant is entitled to have the facts alleged in it either admitted by demurrer or tried by a jury. Courts do not encourage the practice of moving for

judgment upon the answer as being frivolous.  *Womble* v. *Fraps*, 77 N. C., 198.  But if we consider the motion for judgment in this action for that cause as intended to raise the issue of law that the matters therein alleged, if true, could not affect the plaintiff's right to recover, there was error in granting it.  For what is therein alleged, if proved, would be a good defence to the notes, if they where held by Graham, the payee, and, if proved to the satisfaction of the jury on the trial of this cause, those facts so established will impose upon the plaintiff, who is the endorsee of Graham, the burden of establishing the fact that he is a *bona fide* purchaser for value and without notice of the alleged fraud in the inception of the notes.  Daniel Neg. Inst., § 166; *Carver* v. *Myers*, 75 Md., 406 (32 Am. St. Rep., 394, and note); *Bank* v. *Burgwyn*, 108 N. C., 62.  If it had been averred in the complaint that the plaintiff had purchased the notes for value, and *before* maturity, and that allegation had been admitted or not properly denied, then it would have been incumbent on the defendant to allege and prove, not only a defence good against the payee and endorser Graham, but also that the plaintiff endorsee had notice of that defence when he purchased them.  The plaintiff in his complaint (paragraph 2) does not allege that he purchased the notes before maturity, but only "before the commencement of this action."  His failure to aver a purchase before maturity relieved the defendant of the necessity of making the allegation of notice, but, if on the trial, the pleadings being unchanged, the plaintiff satisfies the jury that he did purchase the notes for value before maturity, the burden of proof will again shift, and it will be incumbent on the defendant to prove that the plaintiff had notice of his defence.  *Bank* v. *Burgwyn*, 110 N. C., 267.  The second paragraph of the answer, while not strictly according to the requirements of *The Code*, § 243, seems to us a sufficient denial of the allegations of the second paragraph of the complaint.  That denial was itself sufficient to make an issue.                                Error.