. J. A. MORGAN v. G. A. ROPER.

*Action on Account—Judgment on Pleadings.*

1. Section 243 (1) of *The Code* does not require that a defendant, who avers that he has "no knowledge or information sufficient to form a belief," and therefore denies the same, shall set out the reasons why he has not such information and belief.

2. Where, in an action on an itemized account, made a part of the complaint, for goods sold to the defendant, aggregating $630.90, plaintiff admitted credits to the amount of $295.43 and asked judgment for $345.47, and defendant admitted the purchase and receipt of items in plaintiff's account to the amount of $259.48, specifying which they were, and as to the other items he averred that he had no knowledge or information sufficient to form a belief, and therefore denied the same; *Held*, (1) that the form of the defendant's denial was in accordance with Section 243 (1) of *The Code*, and put plaintiff to the proof of his account, except the admitted items; (2) that it was error to apply the credits to the items of debt denied by defendant and render judgment on the pleadings in favor of the plaintiff for $233.48.

CIVIL ACTION, tried before *Greene*, *J.*, at April Term, 1896, of RICHMOND Superior Court, on a motion for judgment on the pleadings, the nature of which and the facts upon which they were based, are fully set out in the opinion of Associate Justice CLARK. From a judgment for the plaintiff for $233.48, which the Court held to be admitted by the answer, the defendant appealed.

*Messrs. John D. Shaw & Son*, for plaintiff.

*Messrs. M. L. John* and *Frank McNeill*, for defendant (appellant).

CLARK, J.: The plaintiff sues upon an itemized account (made a part of the complaint) for goods sold and delivered to the defendant, aggregating $630.90, admitting

MORGAN *v.* ROPER.

credits amounting to $295.43, and asking judgment for the balance of $345.47, which it is averred the defendant promised to pay. The defendant, answering, denies promising to pay the alleged balance. He admits the purchase and receipt of the items in plaintiff's account, to the amount of $259.48, specifying which they are; and as to the other items of plaintiff's account, he avers that he "has no knowledge or information sufficient to form a belief, and therefore denies the same." This is in the very words of the denial in such cases authorized by *The Code*, Sec. 243 (1), and puts the plaintiff on proof of his account, (*Bank* v. *Charlotte*, 75 N. C., 45,) outside of the admitted items, amounting to $259.48, and against that amount are the plaintiff's admitted credits of $295.43; besides, the defendant pleads additional payments by him to the amount of $151, which " are not entered among the credits on plaintiff's statement."

The court below made the mistake of applying the credits, admitted by the plaintiff, to the items of debit denied by the defendant. Applying the admitted credits to the admitted debits, there was no balance admitted by the defendant for which judgment could be entered. The plaintiff must go on and prove his disputed items of account, and it will devolve upon the defendant to prove his allegations of additional payments, for not being pleaded as a counter-claim, they are taken as denied. *Code*, Sec. 268; Clark's Code (2nd. Ed.), p. 215.

The case relied upon by the plaintiff (*Gas Co.* v. *Mfg. Co.*, 91 N. C., 74) differs from this in that there the complaint averred that a certain matter was " within the personal knowledge of the defendant," and the court held that that allegation must be specifically met and could not be denied in the authorized formula that the defendant had not knowledge or information sufficient to form a

belief, because, from the very nature of the averment, he must have knowledge or must be able to deny having it. But the averment, here, of a sale and delivery of goods ot the defendant is not an averment that the " matter is in the personal knowledge of the defendant." It is not specifically averred, nor is it a necessary implication, for the allegation would be sustained by proof of a delivery to his wife, children, employees or agents, if authorized to act for him in the matter, and of their action he might well have neither knowledge nor information, by reason of the death, removal or changed disposition towards him of such agents. Even if the sale had been to him personally, the items not admitted may have escaped his memory, and while satisfied within himself that he did not get them, he might justly be averse to denying their receipt as a fact, and be content to let the plaintiff prove their delivery. *The Code*, Sec. 243 (1), does not require in such cases that the defendant shall encumber the pleadings with the reasons why he has not such knowledge or information, and it is sufficient if he makes the denial (upon the responsibility of an oath, if, as here, the complaint is sworn to) in the form and manner prescribed by the statute. The judgment below is set aside, that the disputed matters of fact may be tried by a jury.

Error.