MAGGIE STREATOR et al. v. W. B. STREATOR.

(Filed 30 October, 1907).

1. **Pleadings—Personal Knowledge of Defendant—Answer Insuffi-cient—Judgment.**
    When matters are alleged in the complaint to be in the per-sonal knowledge of the defendant, an averment in the answer thereto that he "has no knowledge or information sufficient to form a belief as to the truthfulness thereof, and, therefore, denies the same," is insufficient, and judgment can be rendered for want of an answer if such allegation goes to the cause of action.

2. **Same—Amendment.**
    The refusal of the trial Judge to permit an amendment to a defective answer is not reviewable upon appeal.

3. **Same—Issues.**
    Issues not raised by the pleadings are properly refused.

4. **Same—Additional Issues—Discretion of Court.**
    Additional issues, proper for the full elucidation of the case, may be submitted in the discretion of the Court, and, when framed late and counsel given full opportunity to discuss them, there is no reversible error.

CIVIL ACTION, tried before *Peebles, J.,* and a jury, at May Term, 1907, of the Superior Court of ANSON County.

145—22

From judgment for plaintiffs defendant excepted and appealed.

*H. H. McLendon* for plaintiffs.
No counsel *contra*.

CLARK, C. J.   The complaint alleges that the defendant procured the lands to be conveyed to himself in pursuance of a parol agreement that he would hold the same in trust for the benefit of his mother, himself and the other heirs at law of his father, and that the deed was executed to him upon that parol trust and condition.   To this averment the answer sets up that the defendant "has no knowledge or information sufficient to form a belief as to the truthfulness thereof; therefore, denies the same."   This is an insufficient denial of matters alleged to be in the personal knowledge of the defendant, and the Court properly rendered judgment on that allegation for want of a denial.   *Machine Co. v. Manufacturing Co.,* 91 N. C., 74; *Avery v. Stewart,* 134 N. C., 299.   The point is so fully discussed and clearly stated by *Walker, J.,* in *Avery v. Stewart,* 136 N. C., 432, as to render repetition here entirely unnecessary.   The answer being insufficient, and, in law and in fact, no answer on this point, judgment on this point for want of an answer was the right of the plaintiff (*Phifer v. Insurance Co.,* 123 N. C., 410; *Carroll v. McMillan,* 133 N. C., 140), unless the Court, in its discretion, had allowed an amendment.   Its refusal to do so is not reviewable.   *Avery v. Stewart,* 134 N. C., 299.   The learned Judge in this case acted carefully and intelligently, and refused to allow an amendment only after full inquiry and investigation.

The issues tendered by the defendant were not raised by the pleadings, and were properly refused.   The exceptions for exclusion of evidence are without merit and need no discussion.   The additional issues were proper for the full elucidation of the case.   Their submission after the argu-

ment to the jury on the other issues was in the discretion of the Court. Though made late, counsel were given full opportunity to discuss them before the jury, and we can see no prejudice to defendant. If his counsel declined to discuss them, it was doubtless because they had already discussed the evidence fully in all its aspects.

The exception to the charge of the Court "for errors therein contained," without specifying the errors, is a "broadside exception," and cannot be considered. *Pierce v. Railroad,* 124 N. C., 99, and cases there cited.

No Error.