NORTH CAROLINA SCHOOL BOOK DEPOSITORY, INC., v. C. B. RIDDLE AND P. D. TEAGUE.

(Filed 4 November, 1925.)

**1. Issues—Pleadings—Evidence.**

Issues must arise from both the pleadings and the evidence properly admitted on the trial.

**2. Contracts—Principal and Surety — Admissions—Issues—Instructions.**

The plaintiff School Book Depository, under a contract with the principal· defendant supplied school books to be sold on commission and ac-

counting for sale, and upon the unsatisfactory dealing of defendant thereunder, refused to send more books, but afterwards did so upon the defendant's furnishing a bond with surety for his faithful performance of his contract. The defendant surety denied liability, acknowledged that he signed the bond, admitted the liability of his codefendant for its breach, and the amount of damages claimed, but testified he signed the bond under a mistake as to its purpose, without sufficient allegation or evidence of fraud in the *factum* or in the treaty. *Held,* an instruction was proper in effect, that if the defendant surety signed the bond to answer the issue as to defendant's liability in plaintiff's favor.

**3. Pleadings—Answer — Personal Transactions—Denials—Issues—Statutes.**

In an action to recover upon an indemnity bond an allegation of the complaint that defendant signed as surety, is one of a personal transaction, and answer that defendant signed some paper, but has no information or belief as to whether the instrument sued on was the one he signed, is insufficient to raise the issue under the provisions of our statute, C. S., 519, 543, 582.

APPEAL by defendant, P. D. Teague, from *Calvert, J.,* at June Term, 1925, of ALAMANCE.

Action to recover upon bond executed by defendant, C. B. Riddle, as principal, and defendant, P. D. Teague, as surety. From judgment in favor of plaintiff, defendant P. D. Teague appealed to the Supreme Court.

*Coulter & Cooper for plaintiff.*
*Thos. C. Carter for defendant.*

CONNOR, J.   On 30 January, 1923, plaintiff, whose place of business is in Raleigh, N. C., entered into a contract in writing with defendant, C. B. Riddle, by which plaintiff agreed to ship to defendant at Burlington, N. C., a sufficient number of the text-books adopted by the State Text-Book Commission to supply the demands of the schools in the vicinity of Burlington. Defendant Riddle agreed to receive said books, as agent for plaintiff, to sell and dispose of them for cash, for and on account of plaintiff, and on or before the 5th day of each month, next succeeding the date of the sales, during the school year from 1 September to 1 June, to pay over to the plaintiff, as principal at Raleigh, N. C., all moneys collected from said sales.

During the spring of 1923, plaintiff shipped books to said defendant, under said contract; defendant's settlements were not satisfactory to plaintiff and in May, 1923, plaintiff ceased to ship books to said Riddle. On or about 4 September, 1923, defendant C. B. Riddle sent to plaintiff, through the mail, a bond signed by himself as prin-

28—190

cipal and P. D. Teague, as surety. This bond was in the penal sum of $5,000, and was conditioned as follows:

"Whereas, said principal has entered into a certain written agreement with said North Carolina School Book Depository, Incorporated, dated 30 January, 1923, a copy of which is hereto attached, and made a part hereof,

Now, therefore, the condition of the foregoing obligation is such that if the said principal shall well and truly indemnify and save harmless the said North Carolina School Book Depository, Inc., from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of the said contract on the part of the said principal to be performed, then this obligation to be void, otherwise to remain in full force and effect in law.

In testimony whereof, the said principal and said sureties have hereunto set their hands and seals, this the 4th day of September, 1923.

(Signed) P. D. TEAGUE (Seal)<br>(Signed) C. B. RIDDLE (Seal)

Witness:

(Signed) W. L. CATES."

After the receipt of said bond, plaintiff shipped to defendant Riddle at Burlington, N. C., during the month of September, school books, under the contract, dated 30 January, 1923, and referred to in said bond. Said defendant sold said books and from time to time remitted to plaintiff, on account of the proceeds of said sale. On 11 December, 1923, said defendant had failed to account fully with plaintiff for said books. The amount due by said defendant to plaintiff, on account of sales of said books on said date was $4,619.29, with interest from 1 December, 1923.

On 18 January, 1924, plaintiff, through its attorney, made demand upon defendant, P. D. Teague, surety on said bond, dated 4 September, 1923, for settlement of the balance due by Riddle. Upon failure of both Riddle and Teague to pay said balance due, this action was commenced on 8 February, 1924.

Defendant, P. D. Teague, in his answer to the complaint, admitted that he "signed a paper-writing concerning the handling of books, but says that he did not write the same and was informed by C. B. Riddle and W. Luther Cates, a notary public, that he was signing a paper as a stockholder of Burlington Printing Company to enable it to continue business and that it would only affect his interest in said Burlington Printing Company; that he is informed and believes and so alleges that the said W. Luther Cates was representing the plaintiff in this matter and that he was deliberately deceived in signing a paper-

writing. Whether or not this is the same paper-writing referred to in Article 3 he has no information or belief."

The issues tendered by defendant do not arise upon the pleadings; no evidence was offered relevant to these issues. There was no error in the refusal of the court to submit them to the jury. The issue submitted by the court, to wit: "Did defendant, P. D. Teague, execute bond set out in the complaint," was the proper issue to determine the liability of defendant. The breach of the contract by C. B. Riddle, and the amount due by him to plaintiff· were admitted by defendant, Teague, during the progress of the trial.

W. Luther Cates, a notary public, testified for plaintiff that in September, 1923, at the request of C. B. Riddle, he went with him to the home of defendant, P. D. Teague; that witness stopped at the house and Riddle went to the store, some distance from the house; Teague and Riddle came out from the store, stopped in the yard and had a conversation which witness did not hear; that at the time Riddle had the paper in his hand; that when Riddle and Teague came back together to witness, Riddle handed witness the paper; that witness did not read the paper, nor did he see Teague read it; that Teague signed the paper, and in response to witness' question, acknowledged the execution of the same by him. Teague swore he was worth $8,000. After Riddle had signed the paper, and witness had signed his name as witness to the execution of same by both Riddle and Teague, he delivered the paper to Riddle. Witness testified that he had no interest in the transaction other than as notary public.

A. E. Lewis testified that he was during 1923 and is now manager of plaintiff; that the paper-writing referred to in the complaint, copy of which is attached thereto as Exhibit B, was sent through the mail to C. B. Riddle, at Burlington, N. C., that it was returned through the mail, with the signatures of both defendants affixed thereto. After the receipt of the paper, signed by defendants, plaintiff shipped books to C. B. Riddle, under the contract dated 30 January, 1923; no books would have been shipped to him, if plaintiff had not received the bond executed by defendants.

P. D. Teague, defendant, testified that Riddle and Cates came to his home in the southern part of Alamance County; that he signed a paper which they had; that he did not read it; that they might have read part of it to him. Witness did not receive any notice from the North Carolina School Book Depository, Inc., that it held a bond signed by him; that Mr. Coulter, attorney for plaintiff, wrote him, advising that Riddle had failed to account for books shipped to him by plaintiff, and demanding that witness settle same, as surety for Riddle. Witness testified that the signature on the paper shown him

was his signature; that he signed the paper. Witness denied that he had told any one that he was worth $8,000.

The court instructed the jury that if they found the facts to be as shown by the evidence, they would answer the first issue "Yes." Assignment of error based upon exception to this instruction cannot be sustained.

In its complaint, plaintiff alleged that on or about 4 September, 1923, defendant Teague "gave the plaintiff a bond in the sum of $5,000," copy of which was attached to the complaint. This is an allegation of a personal transaction by defendant and, if controverted by defendant, called for a specific denial. In his answer, defendant admits that "he signed a paper-writing concerning the handling of books," but says that "he has no information or belief as to whether the paper which he signed is the paper referred to in the complaint." This is not a general or specific denial of a material allegation of the complaint. Nor is it a denial of any knowledge or information thereof sufficient to form a belief. C. S., 519. A material allegation of the complaint, not controverted by the answer is, for the purposes of the action, taken as true. C. S., 543. An issue of fact arises upon a material allegation in the complaint controverted by the answer. C. S., 582. Where there is an allegation in the complaint of a personal transaction by the defendant, a denial by defendant, in his answer, of information or belief, as to the truth of the allegation is not sufficient to raise an issue. *Streator v. Streator,* 145 N. C., 337; *Avery v. Stewart,* 136 N. C., 426. There is no sufficient allegation in the answer of fraud in the treaty or fraud in the *factum* to support a defense to the paper-writing which defendant admits he signed. Nor is there any allegation that defendant did not read the paper which he signed, or that he was fraudulently prevented from reading it. *Colt v. Kimball, ante,* 169. However, if an issue had been properly raised by the pleadings, the evidence is all to the effect that defendant executed the bond, upon which plaintiff seeks to hold him liable in this action.

We have considered assignments of error based upon the court's refusal to give special instructions as prayed for by defendant. These instructions are predicated upon principles of law which have no application to this action. The assignments of error cannot be sustained. There was no error in the rulings of the court upon objections to the admission or exclusion of evidence.

The judgment must be affirmed. There is

No error.