SECURITY FINANCE COMPANY v. W. H. MILLS, INDIVIDUALLY, AND
TRADING AS MILLS TIRE COMPANY.

(Filed 21 March, 1928.)

1. **Bills and Notes—Requisites and Validity—Fraud in the Factum and
   Fraud in the Treaty—Effect Thereof.**

   Where in an action upon a note the defendant pleads and introduces
   evidence tending to show fraud in the treaty and acknowledges that he
   signed it, and the plaintiff claims as a purchaser in due course for value
   without notice, with evidence to support it, the plaintiff is entitled to
   recover upon the evidence in the absence of competent evidence tending
   to show that he had notice of the infirmity of the instrument at the
   time he had acquired it.

2. **Same.**

   A negotiable instrument procured by fraud in the treaty is voidable
   between the original parties and binding in the hands of innocent third
   parties, and one procured by fraud in the factum is absolutely void.

APPEAL by plaintiff from *Stack, J.,* at Third September Term, 1927, of
WAKE.

Civil action to recover the amount due on six negotiable promissory
notes executed by the defendant to the Brenard Manufacturing Com-
pany for a number of radio machines, said notes having been endorsed
and sold to the plaintiff, according to its evidence and contention, in
good faith, before maturity, for value and without notice of any in-
firmity in said notes or defects in the title of the party negotiating them.

The execution of the notes is not denied, but defendant alleges that he
was induced to sign them, together with an agency contract, by the false
and fraudulent representations of the agent of the Brenard Manufactur-
ing Company, in that it was stated by said agent, with intent to deceive
the defendant, that each of the radio machines sold to the defendant was
equipped with a patent static rejecter or remover which would eliminate
all static and enable the operator to pick up foreign broadcasting sta-
tions with ease, at any time of the day or night; whereas in fact no
such rejecter exists.

22—195

The contract signed by the defendant at the time of the execution of the notes in suit contains the stipulation that "no verbal or other agreement not appearing herein shall be binding on you" (Brenard Manufacturing Company). There is no mention in said contract of a static rejecter of any kind. The defendant testified that he was able to read and write; that he did read the contract and notes before signing them, and that he knew their contents.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did the plaintiff purchase the notes sued on before maturity and in good faith, and for value without notice of any infirmity in the notes or defects in title of the persons negotiating them? Answer: No.

"2. Was W. H. Mills, trading as Mills Tire Company, induced to buy the radio sets and induced to sign the contracts and notes in question by any fraudulent representations? Answer: Yes.

"3. What amount, if anything, is the defendant indebted to the plaintiff? Answer: Nothing."

Judgment on the verdict for defendant; plaintiff appeals, assigning errors.

*J. L. Emanuel for plaintiff.*
*Eugene Mills and Thos. W. Ruffin for defendant.*

STACY, C. J. The validity of the trial is called in question by numerous exceptions and assignments of error, but we shall not consider them *seriatim,* as it is necessary to award a new trial for failure of the court to instruct the jury as requested by the plaintiff in one of its special prayers, that if they found the facts according to the evidence or as it tends to show, the first issue should be answered in favor of the plaintiff.

Notwithstanding the defendant's plea of fraud in the treaty, and evidence tending to support it *(Furst v. Merritt,* 190 N. C., 397, 130 S. E., 40), we find no competent evidence on the record of notice to the plaintiff of such fraud prior to the purchase of the notes in suit. *Bank v. Burgwyn,* 108 N. C., 62, 12 S. E., 952. However, as the case goes back for another hearing, the defendant may yet show, if he can, such notice. *Bank v. Burgwyn,* 110 N. C., 267, 14 S. E., 623.

There is this important distinction between fraud in the treaty and fraud in the factum: Instruments procured by means of the former are voidable as between the original parties and binding in the hands of innocent third persons, while those induced by means of the latter are void. *Medlin v. Buford,* 115 N. C., 260, 20 S. E., 463. Nothing can be founded on an instrument that is absolutely void, whereas from those which are only voidable, fair titles may flow. *Furst v. Merritt, supra.*

New trial.