### W. H. NEVINS v. CITY OF LEXINGTON.

(Filed 15 December, 1937.)

**1. Municipal Corporations § 46—**

 An action to recover the face value of interest coupons on municipal bonds, payment having been refused except at a lower rate of interest, is an action *ex contractu*, and C. S., 1330, requiring as a condition precedent that demand for payment be made upon the proper municipal authorities, is applicable.

**2. Municipal Corporations § 11c—**

 A city manager, under Plan D, is charged with the execution of ordinances, resolutions, and regulations of the city council, and is given authority to appoint and remove city employees and is required to make reports to the council, and is solely an administrative officer. N. C. Code, 2888, 2889, 2897.

**3. Municipal Corporations § 46—**

 Allegation that claimant had made demand for payment of municipal interest coupons upon the city manager of a city operating under Plan D, is insufficient allegation of demand upon the "proper municipal authorities" as required by C. S., 1330.

DEVIN, J., dissenting.

BARNHILL, J., concurs in dissent.

APPEAL by plaintiff from *Armstrong, J.,* at May Term, 1937, of DAVIDSON. Affirmed.

This is an action to recover of the defendant the sum of $110.00, with interest from 1 October, 1936, and the costs of the action.

The action was begun on 1 March, 1937, in the court of a justice of the peace of Davidson County, North Carolina.

In the complaint, which is in writing and duly verified by the attorney for the plaintiff, as authorized by statute, C. S., 530, it is alleged:

"1. That the plaintiff is a nonresident of the State of North Carolina, and that the defendant is a municipal corporation, organized and existing under and by virtue of the laws of the State of North Carolina, having, among other powers, the power to issue bonds in order to construct its water and sewer lines, and did issue bonds for the purpose of constructing its water and sewer lines.

"2. That the plaintiff is the owner of coupon No. 26 on water and sewer bond No. 96, for $27.50, and is also the owner of coupon No. 26 on water and sewer bond No. 97, for $27.50, and is also the owner of coupon No. 26 on water and sewer bond No. 98, for $27.50, and is also the owner of coupon No. 26 on water and sewer bond No. 99, for $27.50.

"3. That the plaintiff presented his claim to the city manager of the city of Lexington, the defendant in this action, to be audited and allowed, and that plaintiff's attorney was advised that the defendant would not pay said coupons.

"4. That defendant, through its city manager, advised plaintiff's attorney that no deposit had been made in New York with the United States Mortgage Trust Company, or at any other place, for the payment of said coupons, above specified, at the rate of $5\frac{1}{2}$ per cent, but that provision had been made for the payment of said coupons at the rate of 4 per cent, provided the plaintiff would agree to a reduction of the interest rate on said coupons, which is $5\frac{1}{2}$ per cent, to 4 per cent.

"5. That the defendant has failed and refused to pay said coupons as above set out, which were due on 1 October, 1936."

In its answer to the complaint, which is also in writing and duly verified, the defendant denies that plaintiff is the owner of the coupons described in paragraph 2 of the complaint; that the plaintiff, prior to the commencement of this action, presented his claim to the city manager of the defendant, to be audited and allowed, as alleged in paragraph 3 of the complaint, and that the defendant has failed and refused to pay said coupons, as alleged in paragraph 5 of the complaint.

In further defense of the action the defendant alleges that plaintiff did not comply with the provisions of C. S., 1330, before instituting this action, and therefore prays that the action be dismissed, in accordance with the provisions of the statute.

The action was tried in the Superior Court of Davidson County, on defendant's appeal from an adverse judgment of the justice of the peace, in whose court the action was begun.

At the conclusion of the evidence for the plaintiff, on motion of the defendant, the action was dismissed by judgment as of nonsuit. Plaintiff appealed to the Supreme Court, assigning error in the judgment dismissing the action.

*Don A. Walser for plaintiff.*
*P. V. Critcher for defendant.*

CONNOR, J. C. S., 1330, is as follows: "No person shall sue any city county, town, or other municipal corporation for any debt, or demand whatsoever, unless the claimant has made a demand upon the proper municipal authorities. And every such action shall be dismissed unless the complaint is verified and contains the following allegations: (1) That the claimant presented his claim to the lawful municipal authorities to be audited and allowed, and that they neglected to act upon it or had disallowed it; or (2) that he had presented to the treasurer of said municipal corporation the claim sued on, which had been so audited and allowed, and that such treasurer had notwithstanding neglected to pay it."

The foregoing statute is applicable to this action. The cause of action alleged in the complaint is *ex contractu* and not *ex delicto*. There is therefore no error in the judgment dismissing the action if the plaintiff has failed to comply with the provisions of the statute. See *Shields v. Durham,* 118 N. C., 450, 24 S. E., 502, and *Sugg v. Greenville,* 169 N. C., 606, 86 S. E., 695. *Jones v. Comrs.,* 73 N. C., 182.

In his complaint the plaintiff alleged and at the trial of the action offered evidence tending to show that prior to the commencement of the action he presented his claim against the defendant on account of the coupons described in the complaint to the city manager of the defendant, and that said city manager advised him that no provision had been made by the defendant for the payment of said coupons according to their tenor. He contends that he thereby complied with the provisions of the statute, and that for this reason there is error in the judgment dismissing the action.

It is provided by statute that when a city has adopted Plan D for its government, the government of the city and the general management and control of its affairs shall be vested in a city council, whose members shall be elected by the qualified voters of the city, and that said city council shall exercise its powers in the manner set out in the statute, except that the city manager, who shall be appointed by the city council, shall have the authority specified in the statute. Ch. 136, Public Laws of North Carolina, 1917, Part V, secs. 2 and 3, N. C. Code of 1935, secs. 2888 and 2889.

It is further provided by statute that when a city has adopted Plan D for its government the city council shall appoint a city manager, whose powers and duties are prescribed by statute, as follows:

"The city manager shall (1) be the administrative head of the city government; (2) see that within the city the laws of the State and the ordinances, resolutions and regulations of ·the council are faithfully executed; (3) attend all meetings of the council, and recommend for adoption such measures as he shall deem expedient; (4) make reports to the council from time to time upon the affairs of the city, keep the council fully advised of the city's financial condition and its future financial needs; (5) appoint and remove all heads of departments, superintendents, and other employees of the city." Ch. 136, Public Laws of North Carolina, 1917, Part V, sec. 12, N. C. Code of 1935, sec. 2897.

The city manager of the defendant, whose powers and duties are administrative only, is not the "proper municipal authority," or the "lawful municipal authority," to whom a claim against the defendant must be presented for audit and allowance, before an action on the claim can be maintained against the defendant.

In the absence of allegation in the complaint and proof at the trial that the claim of plaintiff, which is the subject matter of this action, had been presented to the city council of the defendant to be audited and allowed by said council, in accordance with the provisions of C. S., 1330, there is no error in the judgment dismissing this action. The judgment is

Affirmed.

DEVIN, J., dissenting: I cannot agree with the disposition made of this case for the reason that in my opinion the plaintiff has shown a substantial compliance with the statute (C. S., 1330) by presenting for audit and allowance interest coupons of defendant's bonds to the city manager, who is admittedly the administrative head of the city government, and particularly in charge of its financial matters. It was in evidence that the city manager refused to audit, allow or pay the coupons unless the plaintiff would agree to accept 4 per cent interest instead of the contract rate of 5½ per cent, which plaintiff declined to do. The purpose of sec. 1330 is to protect municipal corporations from suits until they have been advised of the claims and had opportunity to consider them. That purpose seems to have been fully accomplished here, for not only did the city defend plaintiff's previous suit on these same coupons, but it has defended this suit, which was brought on its written obligation in the form of coupons of its own bonds, through··three courts, merely because, as the evidence shows, the

city insisted that the owner of its bonds accept 4 per cent interest instead of 5½ per cent as contracted.

In the interest of fair dealing, a narrow and restricted construction should not be placed on the words "proper authorities" when the spirit and purpose of the act have been substantially met. *Machinery Co. v. Sellers,* 197 N. C., 30, 147 S. E., 674.

I am authorized to say BARNHILL, J., concurs in this dissenting opinion.