## L. M. GRIMES v. CITY OF LEXINGTON.

(Filed 3 January, 1940.)

1. **Pleadings §§ 7, 28—Allegation not relating to personal transaction may be denied on information and belief.**

　　Plaintiff instituted this action to recover interest on certain refunding bonds issued by defendant municipality, alleging he was the holder in due course and that proper demand for payment had been made and refused. Defendant stated in answer to each material allegation of the complaint "that the defendant does not have sufficient information to form a belief and, therefore, for the purposes alleged by plaintiff, denies the same." *Held:* Since the material allegation that plaintiff is a holder in due course

of said bonds is not an allegation relating to a personal transaction, it may be traversed on information and belief, C. S., 519, and the granting of plaintiff's motion for judgment on the pleadings was error.

**2. Municipal Corporations § 48—**

The city manager of a municipal corporation is its "managing or local agent" and is authorized to verify the municipality's answer in an action instituted against it. C. S., 531, 483.

APPEAL by defendant from *Sinclair, Emergency Judge,* at May Term, 1939, of DAVIDSON.

Civil action to recover interest on bonds.

The complaint alleges that the plaintiff is the holder in due course of certain refunding bonds issued by the defendant; that there is now due and owing the plaintiff by the defendant the sum of $3,311.91 as evidenced by past due coupons and interest thereon; that proper demand for payment has been made and refused, etc. The complaint was duly verified.

An answer was filed by the defendant, verified by the City Manager, stating in answer to each material allegation of the complaint, "that the defendant does not have sufficient information to form a belief and, therefore, for the purposes alleged by the plaintiff, denies the same."

From judgment on the pleadings for want of denial and properly verified answer, the defendant appeals, assigning errors.

*Burgin & Pickard for plaintiff, appellee.*
*P. V. Critcher for defendant, appellant.*

STACY, C. J. The case turns on the sufficiency of the defendant's answer to withstand a motion for judgment on the pleadings.

Firstly, it is contended that the disavowal of information sufficient to form a belief and the cautious denial "for the purposes as alleged by the plaintiff," render the pleading ineffectual in law, *Streator v. Streator,* 145 N. C., 337, 59 S. E., 112, and thus entitle the plaintiff to judgment for want of an answer as a matter of right. *Alford v. McCormac,* 90 N. C., 151; *Harkey v. Houston,* 65 N. C., 137.

The position would doubtless be correct if all the material allegations of the complaint related to personal transactions, which are required to be answered positively and not on information and belief. *Avery v. Stewart,* 136 N. C., 426, 48 S. E., 775; *Machine Co. v. Mfg. Co.,* 91 N. C., 74. Here, however, the material allegation that plaintiff is the holder in due course of certain bonds issued by the defendant may be traversed on information and belief. C. S., 519; *Campbell v. Patton,* 113 N. C., 481, 18 S. E., 687.

Secondly, it is asserted that the City Manager of the city of Lexington, whose duties are administrative only, has no authority to verify an

answer for the defendant, and this position prevailed in the court below. We think otherwise.

True, it was held in *Nevins v. Lexington,* 212 N. C., 616, 194 S. E., 293, that the City Manager of the city of Lexington was not the "proper municipal authority" or the "lawful municipal authority" to whom a claim against the city should be presented for audit and allowance, as required by C. S., 1330, before an action could be maintained thereon. The trial court concluded, therefore, that if the City Manager had no authority to receive plaintiff's claim for audit and allowance, he would not be permitted to verify an answer denying it. The conclusion is a *non sequitur.*

It is provided by C. S., 531, that when a corporation is a party, the verification of a pleading may be made by "any officer, or managing or local agent thereof upon whom summons might be served." And C. S., 483, provides that if the action is against a corporation, summons shall be served by delivering copy thereof "to the president or other head of the corporation . . . managing or local agent thereof." It follows, therefore, that as the City Manager of the defendant is its "managing or local agent," he is authorized to verify its answer filed herein. *Best v. Mortgage Co.,* 131 N. C., 70, 42 S. E., 456.

Formerly, it was held that under section 258 of the Code, an officer of a corporation was alone authorized to make verification of a pleading in court. *Phifer v. Ins. Co.,* 123 N. C., 410, 31 S. E., 716. However, this section was amended by ch. 610, Public Laws 1901, and now provides that when a corporation is a party, the verification of a pleading may be made by any "managing or local agent thereof." *Godwin v. Tel. Co.,* 136 N. C., 258, 48 S. E., 636.

There was error in treating the answer as insufficient in law to raise an issue of fact.

Error.