WALTER FARR, JR., ADMINISTRATOR OF THE ESTATE OF JAMES EARL FARR v. THE CITY OF ROCKY MOUNT

No. 707SC545

(Filed 16 December 1970)

Municipal Corporations §§ 9, 42— action against city prior to new Rules of Civil Procedure — validity of service of process on city manager

The mayor was not the only official of the City of Rocky Mount upon whom service of process could be made in an action instituted against the City prior to 1 January 1970, and service of summons on the city manager was sufficient to give the court jurisdiction over the City.

APPEAL by defendant, The City of Rocky Mount, from *Peel, J.,* 4 May 1970 Session of NASH Superior Court.

This is a civil action instituted by plaintiff on 3 July 1969 as administrator of the estate of James Earl Farr for the recovery of damages for the wrongful death of plaintiff's intestate

on 26 June 1968 at a swimming pool allegedly owned and operated by the defendant in the City of Rocky Mount. Summons was served on 10 July 1969 upon defendant's City Manager. On 22 July 1969, defendant made a special appearance and moved to dismiss the action on the ground that the court had not acquired jurisdiction over the defendant by service on the City Manager. From an order entered on 21 May 1970 overruling the defendant's motion to dismiss, the defendant appealed to the North Carolina Court of Appeals.

*Lucas, Rand, Rose, Meyer & Jones, by David S. Orcutt, for plaintiff appellee.*

*DeWitt C. McCotter III, for defendant appellant.*

HEDRICK, Judge.

The question presented on this appeal is whether service of summons on the defendant's city manager on 10 July 1969 gave the court jurisdiction over the defendant municipal corporation. Section 62 of the Charter of the City of Rocky Mount provides:

"Duties of the mayor.

"The Mayor shall preside at all meetings of the City Council and shall have a casting vote in case of an equal division. He shall be recognized as the official head of the City for all ceremonial purposes by the courts for the purpose of serving civil process."

The defendant contends that prior to 1 January 1970, because of the provisions of Section 62 of its charter, the courts could obtain jurisdiction over the City of Rocky Mount only by service of summons upon its mayor. We do not agree. Section 62 of the Charter of the City of Rocky Mount enumerates the duties of its mayor. The statement, "[h]e shall be recognized as the official head of the City for all ceremonial purposes by the courts for the purpose of serving civil process," does not mean that the mayor is the only city official upon whom service of process might be had.

In *Grimes v. Lexington*, 216 N.C. 735, 6 S.E. 2d 505 (1940), our Supreme Court indicated that the courts might obtain jurisdiction over the city by service of summons upon its city manager. There the plaintiff, who had filed a verified complaint,

made a motion for judgment on the pleadings on the ground that the verification was insufficient. In holding that the verification was sufficient, the Supreme Court stated:

> "It is provided by C.S., 531, that when a corporation is a party, the verification of a pleading may be made by 'any officer, or managing or local agent thereof upon whom summons might be served.' And C.S., 483, provides that if the action is against a corporation, summons shall be served by delivering copy thereof 'to the president or other head of the corporation . . . managing or local agent thereof.' It follows, therefore, that as the City Manager of the defendant is its 'managing or local agent,' he is authorized to verify its answer herein."

In *Jester v. Steam Packet Co.*, 131 N.C. 54, 42 S.E. 447 (1902), Montgomery, J., in discussing the validity of the service of summons, stated:

> "The purpose and aim of the service of the summons are to give notice to the party against whom the proceeding or action is commenced, and any notification which reasonably accomplishes that purpose answers the claims of law and justice."

See also *Morton v. Insurance Co.*, 250 N.C. 722, 110 S.E. 2d 330 (1959) ; *Ryan v. Batdorf*, 225 N.C. 228, 34 S.E. 2d 81 (1945).

It is our opinion that the Mayor of the defendant City was not the only city official upon whom service of summons could have been made, and that service of summons upon the City Manager afforded the defendant proper notice.

The order appealed from is

Affirmed.

Judges CAMPBELL and BRITT concur.