EARL H. BYRD, JR. v. RODNEY A. MORTENSON, M.D., P.A., AND RODNEY A. MORTENSON, M.D.

No. 45A83

(Filed 31 May 1983)

**Rules of Civil Procedure § 55.1— motion to set aside entry of default — erroneously ruled upon as matter of law**

Where defendants moved to set aside and vacate entry of default under Rule 55(d) and coupled that motion with a motion to enlarge the time in which to file answer under Rule 6(b), the trial judge erred by failing to exercise his discretion and ruling as a matter of law that defendants had not demonstrated "good cause" to justify setting aside the entries of default against him.

ON appeal from a decision of the Court of Appeals, opinion by *Arnold, J.,* with *Whichard, J.,* concurring and *Martin, J.,* dissenting, 60 N.C. App. 85, 298 S.E. 2d 170 (1982), setting aside the default judgment entered against defendants in this action on 23 September 1981.

Plaintiff instituted this medical malpractice suit in Wake County Superior Court on 24 February 1981 against defendant orthopedic surgeon and the professional association that employs him. On 26 February, defendant professional association was served with a copy of the summons and complaint through its registered process agent, Paul H. Stam. On that same day, Stam informed Dr. Mortenson of the pending action against him. Dr. Mortenson was himself served with a copy of the summons and complaint on 3 March.

After receiving notice of the suit from Stam on 26 February, Dr. Mortenson promptly contacted his insurance carrier. He in-

formed Mr. A. J. Saunders, the claims manager of the Greensboro field office for The St. Paul Insurance Companies, that he had been sued by Mr. Earl H. Byrd, a former patient. Mr. Saunders instructed Dr. Mortenson to forward to the claims office certain medical documents and notes relevant to the case. During this same telephone conversation, Mr. Saunders advised Dr. Mortenson that the insurance company would retain attorney Perry C. Henson to represent defendants in this matter.

Subsequent to his conversation with Saunders, Dr. Mortenson spoke with his business manager, Mrs. Jackie Kiser, concerning the request for medical records. On 11 March 1981, Mrs. Kiser mailed a copy of the office notes, hospital records and other medical information pertaining to plaintiff to Mr. Saunders at the Greensboro claims office. On that same date, she called the claims office in an effort to notify Mr. Saunders that the records had been mailed and to request further instructions. Mr. Saunders was not in the office, however, because of an illness that kept him out of work until 16 March. On 4 April, Mr. Saunders again left work to enter the hospital for an ear operation and thereafter remained at home for a substantial period of time while recovering.

On 12 March 1981, Mrs. Shirley Bennett Cocklereece, an employee of The St. Paul Insurance Companies in the Greensboro office, telephoned Mr. Saunders at home to discuss the receipt of plaintiff's medical information from Dr. Mortenson's office. Mr. Saunders instructed Mrs. Cocklereece to place the information in an "incidental" file. Subsequent to 11 March 1981, neither Dr. Mortenson, Mrs. Kiser, the registered agent, nor any other employee or representative of defendants received any communications, instructions or requests for further information from the liability insurance carrier.

It was not discovered that the medical records had been erroneously placed in an incidental file rather than a pending lawsuit file until 8 April 1981, when Mr. Stam notified the insurance carrier that he had received earlier that morning a copy of an entry of default against the professional association. A default was entered against the defendant association on 3 April and against the individual defendant on 6 April for failure to file a responsive pleading within 30 days as required by G.S. 1A-1, Rule 12(a)(1). Stam demanded that the insurance carrier retain an

attorney for defendants and immediately proceed to protect their interests in the lawsuit.

The insurance carrier contacted attorney Henson on 8 April. Henson immediately telephoned the Deputy Clerk of Superior Court of Wake County and informed her that he was making an appearance for defendants. She noted Henson's telephone call in the court file and contacted plaintiff's attorneys to inform them of Henson's action.

On the same day, Henson sent a letter to the Deputy Clerk confirming their conversation. The letter was placed in the court file upon receipt at 2:08 p.m. on 9 April. Copies also were mailed to plaintiff's attorneys and were received by them on 10 April.

On 9 April at 3:27 p.m., Judge A. Pilston Godwin, Jr., entered judgment by default against defendants in this action.

Defendants moved to vacate the entries of default and default judgment on 16 April 1981. Affidavits in support of the motion were filed on 28 April.

This matter came on for hearing before Judge Bailey on 10 July. He found that defendants had made an appearance in the action on 8 April 1981 and were therefore entitled, under G.S. 1A-1, Rule 55(b)(2), to three days' notice prior to the hearing on the default judgment. Since defendants had received no notice of the hearing, Judge Bailey vacated the 9 April default judgment. Defendants' motion to set aside the entries of default was not ruled upon and their oral motions to be permitted to file answer or to have an extension of time to file answer were denied.

In motions filed on 13 July, defendants sought to vacate the entries of default and secure an extension of time to file answer. On 14 July, plaintiff filed a motion to strike defendants' motion for extension of time.

These motions were heard on 14 September 1981 in Wake County Superior Court. Judge Bailey denied defendants' motions to set aside the entries of default and to allow additional time to file answer and granted plaintiff's motion for default judgment.

The Court of Appeals reversed, holding that the trial court's refusal to set aside the entries of default was "manifestly unsupported by reason." *Byrd v. Mortenson*, 60 N.C. App. at 90, 298

S.E. 2d at 173. The court also determined that the trial judge abused its discretion in failing to grant defendants' motion for leave to file answer after the expiration of the 30-day period allowed by G.S. 1A-1, Rule 12(a)(1). *Id.* at 90-91, 298 S.E. 2d at 173. Judge Robert Martin dissented for the reason that, in his opinion, the trial judge had not abused his discretion in refusing to vacate the entries of default. *Id.* at 92, 298 S.E. 2d at 174.

Plaintiff appealed to this Court as a matter of right pursuant to G.S. 7A-30(2).

*Purser, Cheshire, Manning & Parker, by Joseph B. Cheshire, V. and Barbara Anne Smith, and Bode, Bode & Call, by Robert V. Bode, for plaintiff-appellant.*

*Henson & Henson, by Perry C. Henson and Perry C. Henson, Jr., for defendant-appellee.*

BRANCH, Chief Justice.

The questions presented by this appeal are (1) whether the trial judge properly refused to set aside the entries of default and (2) whether it was error for the trial judge to deny defendants' motion for additional time to file answer.

Rule 55(d) of the North Carolina Rules of Civil Procedure provides that the trial court may set aside an entry of default "for good cause shown." G.S. 1A-1, Rule 55(d). The determination of whether an adequate basis exists for setting aside the entry of default rests in the sound discretion of the trial judge. *Frye v. Wiles*, 33 N.C. App. 581, 235 S.E. 2d 889 (1977); *Howell v. Haliburton*, 22 N.C. App. 40, 205 S.E. 2d 617 (1974); *Crotts v. Camel Pawn Shop, Inc.*, 16 N.C. App. 392, 192 S.E. 2d 55, *cert. denied*, 282 N.C. 425, 192 S.E. 2d 835 (1972).

Defendants' motion to set aside and vacate entry of default under Rule 55(d) was here coupled with a motion to enlarge the time in which to file answer under Rule 6(b). Under Rule 6(b), a trial judge may permit an enlargement of time to file answer "where the failure to act [is] the result of *excusable neglect.*" G.S. 1A-1, Rule 6(b) (emphasis added).

The Court of Appeals found the facts presented in instant case so compelling that it chose to make the extraordinary ruling

that the trial judge abused his discretion in refusing to set aside the entries of default and in denying defendants' motion for extension of time to file answer.

We do not reach these questions decided by the Court of Appeals because it appears that rather than exercising his *discretion,* the trial judge erroneously ruled as a *matter of law* that defendants had not demonstrated "good cause" to justify setting aside the entries of default against them. There is nothing in the record to support a conclusion that Judge Bailey *discretionarily* refused to set aside the entries of default. We therefore express no opinion concerning the Court of Appeals' decision that the trial judge's refusal to set aside the entries of default and permit defendants to file answer was "manifestly unsupported by reason."

The default judgment entered by the trial court is vacated and this cause is remanded to the Court of Appeals, with directions to remand to the Superior Court of Wake County, to the end that the trial judge may exercise his discretion as to whether defendants have demonstrated "good cause" sufficient to justify setting aside the entries of default. In the event the trial judge determines that the entries of default should be vacated, he must also exercise his discretion as to whether defendants' failure to file answer within the time allowed by Rule 12(a) was due to "excusable neglect," thereby entitling defendants to additional time in which to file answer.

Modified, affirmed and remanded.