SHIRLEY T. HARRIS v. W. F. MAREADY, WILLIAM H. PETREE, C. ROGER HARRIS, AND PETREE, STOCKTON, ROBINSON, VAUGHN, GLAZE & MAREADY

No. 518A83

(Filed 28 August 1984)

1. **Appeal and Error § 2— Court of Appeals decision—agreement that case should have been dismissed—no dissent—no right of appeal**

Where all three judges of the Court of Appeals agreed that the complaint and summonses should have been dismissed but differed as to why dismissal was proper, there was no dissent from the decision of the Court of Appeals so as to give plaintiff a right of appeal to the Supreme Court pursuant to G.S. 7A-30(2) although two concurring opinions were so labeled.

2. **Process §§ 1.2, 7; Rules of Civil Procedure § 4— summons directed to another person—sufficiency of service on defendant**

Defendant was sufficiently served with process to bring him within the jurisdiction of the court when defendant was inadvertently delivered a copy of a summons directed to a codefendant in the action where the caption of the summons listed defendant's name first among the various individual defendants being sued and listed defendant's name as a member of a law firm being sued, since there was no substantial possibility of confusion in the case about the identity of defendant as a party being sued. G.S. 1A-1, Rule 4(j)(1).

3. **Process §§ 5.1, 7— summons directed to law firm as "P.A."—law firm actually a partnership—amendment of summons**

Where a summons was issued and a complaint was filed against a law firm as a "P.A." when in fact the law firm was a partnership, and service of the summons was completed by personal delivery to a partner in the law firm, the process was sufficient to bring the law firm within the court's jurisdiction, and the trial court had the discretion to allow an amendment of the complaint and summons to eliminate references to a "P.A.," since the substitution of the partnership for the "P.A." is a correction in the description of a party actually served rather than a substitution of new parties. G.S. 1A-1, Rules 4(j)(7) and 4(i).

4. **Attorneys at Law § 5.1; Rules of Civil Procedure § 8.1— professional malpractice action—demand for monetary relief in complaint—dismissal not required**

Although a professional malpractice action may be dismissed under Rule 41(b) for a plaintiff's violation of the Rule 8(a)(2) prohibition against stating in the complaint the demand for monetary relief in an action in which the amount in controversy exceeds $10,000, this extreme sanction is to be applied only when the trial court determines that less drastic sanctions will not suffice. In this case, the trial court did not err in refusing to dismiss an attorney malpractice action because the complaint contained allegations that plaintiff had been damaged in an amount exceeding five million dollars and that plaintiff was entitled to an award of the same amount for punitive damages.

Justice MARTIN dissenting in part.

Chief Justice BRANCH joins in this dissenting opinion.

ON certiorari, to review the decision of the Court of Appeals, 64 N.C. App. 1, 306 S.E. 2d 799 (1983), which affirmed in part and reversed in part the order of *Albright, Judge,* entered on June 21, 1982 in Superior Court, FORSYTH County. The Court of Appeals affirmed the trial court's dismissal of a complaint and summonses against the defendants for lack of jurisdiction and insufficiency of process and service of process. The Court of Appeals reversed the trial court's denial of the defendants' motion to dismiss the complaint and summonses for violation of Rule 8(a)(2) of the North Carolina Rules of Civil Procedure. The plaintiff filed a notice of appeal of right under G.S. 7A-30(2) from the decision of the Court of Appeals. The plaintiff also petitioned the Supreme Court for writ of certiorari on December 7, 1983. Heard in the Supreme Court February 13, 1984.

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr. and Katherine S. Holliday, for the plaintiff appellant.*

*Brooks, Pierce, McLendon, Humphrey and Leonard, by Hubert Humphrey, for the defendant appellees.*

MITCHELL, Justice.

In several assignments presented to this Court for review, the plaintiff contends that the Court of Appeals erred in affirming the trial court's dismissal of the plaintiff's complaint and summonses against an individual defendant and the defendant law firm. The plaintiff also assigns as error the holding by the Court of Appeals that the trial court should have dismissed the action because of the plaintiff's violation of Rule 8(a)(2) of the North Carolina Rules of Civil Procedure. G.S. 1A-1, Rule 8(a)(2). For reasons stated below, we reverse the decision of the Court of Appeals.

[1] At the outset we note that the defendants have filed a motion to dismiss the plaintiff's appeal. G.S. 7A-30(2) creates an appeal of right from any decision of the Court of Appeals "in which there is a dissent." The defendants argue there was no dissent in the Court of Appeals although two concurring opinions were so

labeled. All three judges agreed that the plaintiff's actions against both the law firm and the individual defendant should have been dismissed but differed as to why dismissal was proper. The defendants argue that since all three judges agreed that the case should have been dismissed, the decision was not one "in which there is a dissent." G.S. 7A-30(2).

The defendants are correct in their assertion that the plaintiff has no right of appeal pursuant to G.S. 7A-30(2). Because all three judges agreed that the complaint and summonses should be dismissed, although for different reasons, there was no dissent from the decision of the Court of Appeals. *See Nantz v. Employment Security Commission*, 290 N.C. 473, 226 S.E. 2d 340 (1976). The plaintiff's appeal is dismissed. Nevertheless, in our discretion we allow the plaintiff's petition for writ of certiorari to review the holdings of the Court of Appeals, pursuant to Rule 21 of the Rules of Appellate Procedure.

The plaintiff, Shirley Harris, brought this action for malpractice against the law firm of Petree, Stockton, Robinson, Vaughn, Glaze and Maready, and against two partners in the law firm, W. F. Maready and William H. Petree. The plaintiff employed the defendant Maready, a partner in the defendant law firm, in July 1976 to represent her in domestic matters involving her husband at that time, C. Roger Harris. Roger Harris was also named a defendant in this action but has taken no part in this appeal.

At the time of Maready's representation of the plaintiff Shirley Harris, the defendant Roger Harris was allegedly engaged in business transactions with the defendant Petree, a senior partner in the defendant law firm. In her complaint against the law firm and two of its partners, the plaintiff claims that because of Petree's relationship with her former husband, her attorney Maready was forced to withdraw from representing her. She contends that as a result she has been forced to hire other lawyers, to lose significant litigation advantages and to lose a long term professional relationship. She also claims that prior to his withdrawal from the case, Maready was unwilling to pursue her interests vigorously because of his partner Petree's business involvement with her husband. She claims she received no property settlement and a lesser alimony award than she was entitled to receive in her divorce action because Maready did not actively pursue her claim.

On January 18, 1979 Maready informed the plaintiff that he would be unable to continue representing her because of a memorandum circulated by Petree which instructed members of the law firm to decline from representing clients who had interests adversarial to those of Roger Harris. Almost three years later on January 11, 1982, an order granting the plaintiff an extension of time for filing a complaint was issued along with summonses directed to the defendants in this action. Summonses were served on the law firm on January 14, 1982 by leaving copies with "William H. Petree, (General Partner)" and service on Petree individually on the same day. Summonses were served on Maready on January 27 and on Roger Harris on January 25, 1982. On January 25 the plaintiff filed a verified complaint, and it was served on all defendants by certified mail.

On March 1, 1982 Maready, Petree, and the law firm moved in a special appearance to dismiss the summonses and the complaint and to sever the action against them from that against Roger Harris. The defendants gave several reasons in support of their motion for dismissal.

The summons to the law firm and the original complaint each were directed to "Petree, Stockton, Robinson, Vaughn, Glaze & Maready, P.A." Contending that no such entity exists since the law firm has never been a professional association, the defendants cited lack of jurisdiction, insufficiency of process and service of process and failure to state a claim upon which relief can be granted in support of motions to dismiss under Rule 12 of the North Carolina Rules of Civil Procedure. G.S. 1A-1, Rule 12.

The defendants further claimed insufficiency of process and insufficiency of service of process on W. F. Maready and sought to dismiss the summons and complaint against him. The motion stated that no valid summons or other process was served on Maready. In an affidavit later submitted by Maready, he stated that the only civil summons delivered to him was addressed to Roger Harris.

The defendants also claimed that the plaintiff in her complaint violated Rule 8(a)(2) of the North Carolina Rules of Civil Procedure in that the complaint stated that the plaintiff had been damaged in an amount in excess of five million dollars. The prayer for relief in the complaint requested five million dollars

from the law firm in compensatory damages, five million dollars jointly and severally from Petree and Maready in compensatory damages, and five million dollars jointly and severally from all defendants in punitive damages.

On March 4, 1982 the plaintiff amended her complaint by deleting the designation "P.A." from the caption and from other references to the firm, by deleting any description of the law firm as a professional association and by alleging the firm to be a general partnership of attorneys. The plaintiff amended the prayer for relief in the complaint by deleting the paragraphs requesting five million dollars and substituting paragraphs asking for relief in an amount in excess of $10,000.

On June 10 and June 11, 1982 the trial court considered the defendants' motions and affidavits. The plaintiff orally moved to amend the summons which had been served on Maready to delete the name of C. Roger Harris, and to insert in its stead the name of Maready. She also moved to delete the letters "P.A." from the summons addressed to the law firm. The trial court denied the plaintiff's motions. In an order filed June 21, 1982, the trial court allowed the defendants' motions to dismiss the summons and complaint against the law firm for lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process. The trial court also allowed the motion to dismiss the summons and complaint against Maready on grounds of insufficiency of process and insufficiency of service of process. The trial court denied the motion to dismiss the summonses and complaint against all defendants because the complaint stated a demand for a specific amount of monetary relief of more than ten thousand dollars in a malpractice action—a violation of Rule 8(a)(2) of the North Carolina Rules of Civil Procedure.

The plaintiff appealed to the Court of Appeals, and the defendant cross-assigned as error the trial court's refusal to dismiss for violation of Rule 8(a)(2). The Court of Appeals, in an opinion by Judge Braswell, affirmed the dismissal of the complaint and summonses against the law firm and Maready. The Court of Appeals reversed the trial court as to the defendants' cross assignment of error, and held that the trial court should have dismissed the summonses and complaint because of the violation of Rule 8(a)(2). Judge Arnold concurred in the portion of the opinion which held

that the action should have been dismissed for violation of Rule 8(a)(2) but stated that he did not think the case should have been dismissed for lack of jurisdiction. Judge Webb concurred in all portions of the opinion except on the issue of dismissal for violation of Rule 8(a)(2).

We note that the first two questions before us involve the summonses and not the complaint, since it was the issuance of the summonses and order extending time to file the complaint which commenced the lawsuit. *See* G.S. 1A-1, Rule 3. The complaint was filed and served by certified mail more than a week after the summonses were issued. Since the statute of limitations for this action expired between the issuance of the summonses and the filing of the complaint, the questions involving adequacy of the summonses are crucial.

I.

[2] We first consider whether the defendant Maready was sufficiently served with process. The plaintiff contends the Court of Appeals erred in affirming the trial court's dismissal of the summons and complaint as to Maready for insufficient service of process. It is undisputed by the parties that on January 27, 1982 a deputy sheriff personally delivered to Maready a copy of a summons issued January 11, 1982 which was directed to C. Roger Harris, Bermuda Run, Advance, North Carolina. The Court of Appeals held that the plaintiff failed to comply with the statutory rules for service of process and that the service of the summons was insufficient to confer jurisdiction over the defendant Maready. We disagree.

The purpose of a service of summons is to give notice to the party against whom a proceeding is commenced to appear at a certain place and time and to answer a complaint against him. *Farr v. City of Rocky Mount,* 10 N.C. App. 128, 177 S.E. 2d 763 (1970), *cert. denied,* 277 N.C. 725, 178 S.E. 2d 831 (1971). This Court has stated that Rule 4 of the North Carolina Rules of Civil Procedure, the State law which governs process and service of process, is similar to Rule 4 of the Federal Rules of Civil Procedure. The purpose of the rule is to provide notice of the commencement of an action and "to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Wiles v. Welparnel Construction Co.,* 295 N.C. 81, 84, 243 S.E. 2d 756, 758

(1978) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 1063 p. 204 (1969) ). Unless notice is given to the defendant of proceedings against him and he is thereby given the opportunity to appear and be heard or he appears voluntarily, the court has no jurisdiction to proceed to judgment even though it may have subject matter jurisdiction. *Beaufort County v. Mayo*, 207 N.C. 211, 176 S.E. 753 (1934).

Where there is a defect in the process itself, the process is generally held to be either voidable or void. Where the process is voidable, the defect generally may be remedied by an amendment because the process is sufficient to give jurisdiction. Where the process is void, however, it generally cannot be amended because it confers no jurisdiction. 62 Am. Jur. 2d *Process* § 21 (1972). Likewise, if the service is insufficient and unauthorized by law the court does not acquire jurisdiction. *Id.* at § 30.

Rule 4(b) states that a summons "shall be directed to the defendant or defendants." G.S. 1A-1, Rule 4(b). The statutory method for service of process on a natural person in this State is set forth in Rule 4(j)(1). In pertinent part the rule states that to effect service, a summons or complaint must be delivered to the person sought to be served. G.S. 1A-1, Rule 4(j)(1).

In this case a Deputy Sheriff of Forsyth County delivered a copy of a summons to Maready personally in the reception area of the law firm of Petree, Stockton, Robinson, Vaughn, Glaze and Maready. However, the copy was a copy of a summons directed to another defendant, C. Roger Harris. The pertinent portions of that copy appear as follows in the record:

STATE OF NORTH CAROLINA
County of Forsyth

| | | |
|---|---|---|
| SHIRLEY T. HARRIS | ) | |
| | ) | |
| against | ) | CIVIL SUMMONS |
| | ) | |
| W. F. MAREADY, WILLIAM H. | ) | To Be Served With |
| PETREE, C. ROGER HARRIS, | ) | Order Extending Time |
| and PETREE, STOCKTON, | ) | |
| ROBINSON, VAUGHN, GLAZE | ) | |
| and MAREADY, P.A. | ) | |

STATE OF NORTH CAROLINA

To each of the defendants named below — GREETING:

| Defendant | Address |
|---|---|
| C. ROGER HARRIS (Home Bermuda Run, Advance, N. C.) | Chairman of the Board United Citizens Bank P. O. Box 5039 Winston-Salem, NC 27103 |

YOU ARE HEREBY SUMMONED AND NOTIFIED to appear and answer to the above entitled civil action as follows: a written Answer to the Complaint must be served upon the plaintiff's attorney within THIRTY DAYS after the service of the Complaint, as authorized in the Order on the reverse side hereof, . . . .

The "Order on the reverse side hereof" referred to in the copy of the summons is an order extending the time for the plaintiff to file a complaint. The order states with some specificity that the plaintiff will seek to recover damages for malpractice from Maready and the other defendants based on negligence, breach of contract, improper conduct due to conflict of interest and fraudulent misrepresentation.

The record further reveals that the case file in the Office of the Clerk of Superior Court of Forsyth County, also contains a summons identical in all respects to the copy of the summons delivered to Maready, except that it is directed to "W. F. Maready" at the law firm's address in Winston-Salem. The "Sheriff's Return" on the face of the summons directed to Maready specifically recites that it was served on him by a deputy sheriff on January 27, 1982 by "delivering a copy to him personally" at the law firm's address. The "Sheriff's Return" on the summons directed to Harris, a copy of which was delivered to Maready, states that it was served by the Sheriff of Davie County by personally delivering a copy to Harris there. Obviously, the deputy sheriff in Forsyth County simply delivered Maready a copy of the summons directed to Harris. It is also obvious that no amount of diligence by the plaintiff or her counsel would have revealed this mistake by the deputy sheriff.

Although the copy of the summons actually handed to the defendant Maready was a copy of the wrong summons, we are per-

suaded that as in *Wiles v. Welparnel Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978) the mandates of Rule 4 have been met. In *Wiles* the summons was addressed to the agent of a corporation instead of the defendant corporation. Acknowledging that the dictates of Rule 4(b) require that a summons be directed to the defendant instead of to its agent, we held there that when the name of the defendant is sufficiently stated in the caption of the summons and in the complaint, such that it is clear that the corporation and not its agent is being sued, the summons is adequate to bring the defendant within the jurisdiction of the court.

This Court held in *Wiles* that any ambiguity in the directory paragraph of the summons was eliminated by the complaint and the caption of the summons and that "the possibility of any substantial misunderstanding concerning the identity of the party being sued in this situation is simply unrealistic." *Id.* at 85, 243 S.E. 2d at 758. Similarly, we are persuaded that there was no substantial possibility of confusion in this case about the identity of Maready as a party being sued. Maready was personally served with a summons, the caption of which listed his name first among the defendants being sued. In fact, his name appeared twice in the caption as he was named both individually and as a part of the law firm. Any person served in this manner would make further inquiry personally or through counsel if he had any doubt that he was being sued and would be required to answer the complaint when it was filed. Such further inquiry would have revealed the existence of a summons directed to him and purporting on its face to have been served upon him and would have established his duty to appear and answer.

Although we have held that actual notice given in a manner other than that prescribed by statute cannot supply constitutional validity, *Philpott v. Kerns*, 285 N.C. 225, 203 S.E. 2d 778 (1974), we have also found guidance from Judge John J. Parker who stated that:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*Wiles v. Welparnel Construction Co.*, 295 at 84-85, 243 S.E. 2d at 758 (quoting *United States v. A. H. Fischer Lumber Co.*, 162 F. 2d 872, 873 (4th Cir. 1947)). Therefore, we hold on the facts of this case that the requirements for service of process prescribed in Rule 4 have been met. This is so despite the fact that Maready was inadvertently handed a copy of a summons directed to another defendant in the action.

## II.

[3] We next address the plaintiff's contention that the Court of Appeals erred in affirming the trial court's dismissal of the complaint and summons against the defendant law firm. The trial court dismissed the complaint and summons against the firm on grounds of lack of personal jurisdiction, insufficiency of process and insufficiency of service of process. In upholding the trial court, the Court of Appeals reasoned that the summons and original complaint were each directed to a nonexistent corporation "Petree, Stockton, Robinson, Vaughn, Glaze and Maready, P.A." instead of to the existing partnership "Petree, Stockton, Robinson, Vaughn, Glaze and Maready." The Court of Appeals held that the trial court did not abuse its discretion when it refused to allow amendment of the summons.

Although the plaintiff amended the complaint to delete "P.A." and references to a professional association, the Court of Appeals held that such an amendment constituted a substitution of party defendants and named a party who had never been served and against whom the statute of limitations had run. We disagree.

It is undisputed that the law firm of Petree, Stockton, Robinson, Vaughn, Glaze and Maready is now and always has been a partnership and that a summons was issued and the complaint filed against a firm bearing the same names but designated "P.A." Service of the summons was completed by personal delivery to William Petree, a partner in the law firm. Although the plaintiff purported to amend the complaint to eliminate references to a "P.A.", her motions to amend the summons were denied.

Rule 4(i) of the Rules of Civil Procedure permits trial courts to allow in their discretion the amendment of any process or

proof of service thereof "unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued." G.S. 1A-1, Rule 4(i). This Court has stated that the discretionary powers of amendment permit the courts to allow amendment to correct a misnomer or mistake in the name of a party. *Bailey v. McPherson*, 233 N.C. 231, 63 S.E. 2d 559 (1951). If the amendment amounts to a substitution or entire change of parties, however, the amendment will not be allowed. *Hogsed v. Pearlman*, 213 N.C. 240, 195 S.E. 789 (1938).

In *Bailey* the plaintiff instituted an action against M. H. Winkler Manufacturing Co., Inc. The Commissioner of Motor Vehicles, the defendant's agent for process, was served with process. The sheriff's return indicated ultimate receipt of process by a person named M. H. Winkler in Baton Rouge, Louisiana. Winkler made a special appearance in this State moving that the summons be quashed on grounds that no such corporation existed. The evidence showed that Winkler was the sole proprietor of a business which operated under the name of M. H. Winkler Manufacturing Company. This Court held that the trial court correctly permitted the plaintiff to amend to substitute the individual's name for that of the corporation. *See also, Propst v. Hughes Trucking Co.*, 223 N.C. 490, 27 S.E. 2d 152 (1943) (upholding an amendment of "Hughes Trucking Company" to "Hughes Transportation, Inc."); *Clevenger v. Grover*, 212 N.C. 13, 193 S.E. 12 (1937) (affirming the allowance of an amendment from "Knott Hotel Co." to "Knott Management Corporation"). This Court stated in *Bailey* that "if the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, or even where there is room for doubt as to identity, if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage of the suit." 233 N.C. at 235, 63 S.E. 2d at 562.

In general, courts are more reluctant to permit amendment of process or pleadings to change a description of a party as an individual or partnership to that of a corporation than they are to permit amendment to change the description of a party as a corporation to that of an individual or partnership, because of the prescribed statutory method of serving a corporation. *Blue Ridge Electric Membership Corporation v. Grannis Brothers, Inc.*, 231 N.C. 716, 58 S.E. 2d 748 (1950). In *Grannis* we stated the rule to

be that where individuals are doing business as a partnership under a firm name, such firm is described in an action as a corporation, and process is served on a member of the partnership, members of the partnership may be substituted by amending the process and allowing the pleading to be amended. *Id.* at 719, 58 S.E. 2d at 750. We stated further that substitution in the case of a misnomer is not considered a substitution of new parties but merely "a correction in the description of the party or parties actually served." *Id.* at 720, 58 S.E. 2d at 751. These rules control the present case.

The substitution of "Petree, Stockton, Robinson, Vaughn, Glaze and Maready" for "Petree, Stockton, Robinson, Vaughn, Glaze and Maready, *P.A.*" is a correction in the description of a party actually served instead of a substitution of new parties. Certainly the misdescription of the law firm as a "P.A." did not "leave in doubt the identity of the party intended to be sued." *Bailey v. McPherson*, 233 N.C. at 235, 63 S.E. 2d at 562.

Furthermore, service of process was made on "William Petree, (General Partner)" at the law offices of the firm. Rule 4(j)(7) of the North Carolina Rules of Civil Procedure provides *inter alia* that service may be made on a partnership by delivering a copy of the summons to any general partner or by leaving a copy in the office of such general partner who is in charge of the office. G.S. 1A-1, Rule 4(j)(7). Thus, even if the identity of the party intended to be served was in doubt, the plaintiff sought through amendment to correct "the description of a party actually served." *Blue Ridge Electric Membership Corp. v. Grannis Brothers, Inc.*, 231 N.C. at 720, 58 S.E. 2d at 751.

The Court of Appeals has pointed to a number of our cases in support of its holding below, but we find those cases distinguishable. The Court of Appeals cites *Grannis*, where the attempted substitution was from a nonexistent corporation, Grannis Brothers, Inc., to E. W. Grannis Company, a partnership. We note that in *Grannis*, the plaintiff never moved to amend the summons to correct the description of the party. Additionally, the difference between "Grannis Brothers, Inc." and "E. W. Grannis Company" is much greater than the difference between "Petree, Stockton, Robinson, Vaughn, Glaze and Maready, P.A." and the identical names, absent the "P.A."

The Court of Appeals also cites *McLean v. Matheny*, 240 N.C. 785, 84 S.E. 2d 190 (1954), *Jones v. Vanstory*, 200 N.C. 582, 157 S.E. 867 (1931) and *Hogsed v. Pearlman*, 213 N.C. 240, 195 S.E. 789 (1938) for the proposition that to allow the plaintiff's amendment in this case would make and not merely amend process. We do not agree.

In *McLean* the plaintiff sued "W. B. Matheny, trading as Matheny Motor Company." The plaintiff tried to amend to sue "Matheny Motor Company, Inc.," a corporation, as an additional defendant. This Court held that the plaintiff could not amend the process to add the corporation as an additional party defendant because the amendment would add a party not already served. We stated that the plaintiff's motion was not one to cure a misnomer "by substituting the correct name of a proper party who was before the court *in lieu of* the purported partnership. On the contrary, the motion was to make the defendant corporation an additional party and to file an amendment to the complaint." 240 N.C. at 787, 84 S.E. 2d 191 (emphasis added). In the case before us the *motion was to amend to correct a designation of a party served.*

In *Jones* the plaintiff sought to amend a summons directed to the "trustees" of the Masonic and Eastern Star Home to make a corporation, "Masonic and Eastern Star Home, Inc.," a defendant. In *Hogsed* the plaintiff made a motion to amend the summons and complaint from "H. Pearlman, trading as Pearlman's Railroad Salvage Company" to "Pearlman's Salvage Company, Inc." This Court affirmed the denial of motions to amend in both cases because the corporations had never been served with process. We are not persuaded that these cases are controlling. Unlike the situation in the present case, the attempted amendments in *Jones* and *Hogsed* would have substituted corporations for individuals. As we noted above, our courts are more reluctant to allow such amendments because of the more exacting statutory method for serving process on corporations. *Blue Ridge Electric Membership Corp. v. Grannis Brothers, Inc.*, 231 N.C. 716, 58 S.E. 2d 748 (1950).

We hold that the process afforded the defendant law firm under the facts of the case before us was sufficient to comply with Rule 4 and bring the law firm within the court's jurisdiction

within the statute of limitations. It is apparent that the trial court in this case refused to allow the amendment of the summons under the belief that the law firm had not been brought within its jurisdiction rather than in an exercise of its discretion under Rule 4(i) of the North Carolina Rules of Civil Procedure. We reverse and remand, therefore, to the Court of Appeals with instructions that it further remand to the trial court for an exercise of the trial court's discretion on this question in accordance with this opinion. *See Henry v. Deen*, 310 N.C. 75, 310 S.E. 2d 326 (1984); *Byrd v. Mortenson*, 308 N.C. 536, 302 S.E. 2d 809 (1983).

### III.

[4]   We next consider the Court of Appeals' holding that the trial court abused its discretion in failing to allow the defendants' motion to dismiss for a violation of Rule 8(a)(2) of the North Carolina Rules of Civil Procedure. The Court of Appeals held that the case should have been dismissed in its entirety against Maready, Petree, and the defendant law firm, because of the violation.

Rule 8(a)(2) states in pertinent part that in all professional malpractice actions,

wherein the matter in controversy exceeds the sum or value of ten thousand dollars ($10,000), the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars ($10,000).

G.S. 1A-1, Rule 8(a)(2).

The plaintiff's original complaint contained, in a section titled "DAMAGES," allegations that the defendants had injured her in an amount "which may exceed five million dollars," and that the acts of the defendants entitled her to an award of the same amount for punitive damages. In the section of the complaint entitled "PRAYER FOR RELIEF" the plaintiff prayed that she receive five million dollars from the law firm and five million dollars from Maready and Petree, jointly and severally, in compensatory damages. She sought to recover five million dollars jointly and severally from all defendants in punitive damages. In an amendment as a matter of right, the plaintiff deleted all reference to five million dollars in the section entitled "PRAYER FOR RELIEF" and substituted language asking that she recover an amount in

excess of $10,000 for compensatory and for punitive damages. The plaintiff did not amend the reference to five million dollars in the section entitled "DAMAGES."

The trial court determined that the complaint violated Rule 8(a)(2) "clearly and unequivocally." Nevertheless, the trial court acting in its discretion denied the defendant's motion to dismiss for this violation.

In reversing the trial court, the Court of Appeals reasoned that *Jones v. Boyce*, 60 N.C. App. 585, 299 S.E. 2d 298 (1983) is dispositive of the issue and that the trial court abused its discretion in denying the defendants' motion to dismiss. We do not agree.

The General Assembly enacted G.S. 1A-1, Rule 8(a)(2) in response to what has been called a national medical malpractice crisis brought on by increasing numbers of malpractice suits and resultant sharply rising malpractice insurance rates. *See* Report of the North Carolina Professional Liability Insurance Study Commission, at 4, March 12, 1976. A number of state legislatures have enacted a variety of provisions in an attempt to deal with frivolous malpractice suits and high damage awards. *See* 61 Am. Jur. 2d, *Physicians, Surgeons and Other Healers* § 372 (1981). At least two states have taken the approach of North Carolina in attempting to prevent the statement of a specific amount of damages sought in the complaint. *See, e.g.* Wash. Rev. Code Ann. § 4.28.360 (providing that a complaint shall not state damages sought but shall contain a prayer for damages "as shall be determined"); N.Y. Civ. Prac. Law § 3017(c) (providing that a complaint shall not state an amount of damages sought except to state that the jurisdictional amount is exceeded).

Although this Court has never decided what sanctions are appropriate for parties who violate Rule 8(a)(2), we note that decisions in other jurisdictions favor penalties less harsh than dismissal. In *Pizzingrilli v. Von Kessel*, 100 Misc. 2d 1062, 420 N.Y.S. 2d 540 (1979) a New York court held that Section 3017(c) which, like our Rule 8(a)(2), prohibits the statement of an amount of money demanded, does not authorize "[s]o drastic a remedy as dismissal." That court ordered the violating clause stricken from the pleading.

The commentary that accompanies New York's Section 3017(c) suggests that, although striking the offending portion of the complaint is effective in keeping the amount of damages sought away from the jury's consideration, other available remedies for failure to obey the rule would be more effective in preventing harm to professional reputations caused by publicity surrounding a high demand for relief in a pleading. Among those alternative remedies suggested by the commentator were the imposition of monetary penalties similar to those awarded for failure to make discovery. N.Y. Civ. Prac. Law § 3017(c) comment 3017:11 (McKinney's Supp. 1983).

In *McNeal v. Allen*, 95 Wash. 2d 265, 621 P. 2d 1285 (1980), the Supreme Court of Washington rejected the notion that a doctor could sue in defamation for a violation of Washington's rule against stating the amount of damages sought in a malpractice action. Acknowledging that one purpose of the rule was the prevention of sensational publicity, the court stated that other remedies were more appropriate. The court addressed the concern that other disciplinary actions—such as a reprimand, striking the offensive portions, or a fine—did not provide sufficient remedy for a defendant since after a complaint is filed, the damage is done. The court also addressed the concern that the sanctions were not severe enough to deter lawyers from violating the rule in drafting pleadings. The court stated that "[i]t is to be presumed that officers of the court will endeavor to abide by the rules governing procedure," and added that if deliberate violations occur, the court could make the punishment more severe "to discourage emulation." 95 Wash. 2d at 269, 621 P. 2d at 1287.

After a review of sanctions available in other states, we cannot agree with the statement of the Court of Appeals in *Jones v. Boyce*, 60 N.C. App. 585, 299 S.E. 2d 298 (1983) that absent the strong sanction of dismissal for violation of Rule 8(a)(2) litigants may ignore the rule's proscriptions with impunity. We agree with the view expressed in other jurisdictions that dismissal for a violation of Rule 8(a)(2) is not always the best sanction available to the trial court and is certainly not the only sanction available. Although an action may be dismissed under Rule 41(b) for a plaintiff's failure to comply with Rule 8(a)(2), this extreme sanction is to be applied only when the trial court determines that less drastic sanctions will not suffice.

The trial court in this case refused to dismiss this action on Rule 8(a)(2) grounds. We hold under the facts of this case that the trial court did not err in denying the motion and reverse the holding of the Court of Appeals to the contrary.

In summary, we reverse the holding of the Court of Appeals that the summonses and the complaint against the defendant Maready and the defendant law firm were properly dismissed. We also reverse the holding of the Court of Appeals that the trial court erred in denying the defendants' motion to dismiss for violation of Rule 8(a)(2). We remand this action to the Court of Appeals with instructions for further remand to the trial court for an exercise of its discretion on the issue of whether to allow an amendment of the misnomer in the summons directed to the law firm.

Reversed and remanded.

Justice MARTIN dissenting in part.

I concur in parts II and III of the majority opinion. For the reasons herein stated, I am compelled to dissent from part I of the opinion.

The majority leaves the well-defined path of determining the validity of service of process as set forth in *Philpott v. Kerns*, 285 N.C. 225, 203 S.E. 2d 778 (1974), and other cases, and embarks upon the uncertain and uncharted waters of whether there is a "substantial possibility of confusion in this case about the identity of Maready as a party being sued" as the test for sufficiency of service. In making this departure, the majority relies principally upon *Wiles v. Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978). In *Wiles*, the summons was directed to the defendant corporation's registered agent rather than to the corporation. This Court felt "that the time has come to re-evaluate the considerations on which this narrow interpretation of sufficiency of process on corporate defendants is grounded." *Id.* at 84, 243 S.E. 2d at 757. Further, the Court stated:

> [W]e feel that the better rule in cases such as this is that when the name of the defendant is sufficiently stated in the caption of the summons and in the complaint, such that it is clear that the corporation, rather than the officer or agent receiving service, is the entity being sued, the summons,

when properly served upon an officer, director or agent specified in N.C.R. Civ. P. 4(j)(6), is adequate to bring the *corporate defendant* within the trial court's jurisdiction.

*Id.* at 85, 243 S.E. 2d at 758 (emphasis added).

It is readily apparent that the Court strictly limited *Wiles* to the facts of that case, where service is attempted on a corporate defendant. The majority seeks to extend the holding of *Wiles* to individuals. It so happens that the defendant in the present case is a lawyer, but the opinion is not limited to lawyers. Rather, the opinion would grant jurisdiction over the person of anyone if there is no substantial possibility of confusion about the identity of the person being sued, even though the attempted service was not in accord with the statute. This abrogates an essential requirement for valid service as contained in Rule 4(b) of the North Carolina Rules of Civil Procedure and leaves counsel and the courts with no fixed rule for determining the validity of service. Rule 4(b) requires that the summons be directed to the *defendant* and that he be notified to appear and answer within thirty days after service. Rule 4(j)(1)(a) requires that to obtain service upon a natural person a copy of *the* summons must be delivered to the defendant. (Emphasis added.) There are substantial reasons that the copy of the summons be directed to defendant. By so doing, he knows that *he* is required to appear and answer. A summons directed to another party or person would not place the defendant on notice that *he* is required to take action. As the summons is not directed to him, a defendant could assume that only the person to whom the summons is directed is required to appear and answer. By not delivering to Maready a copy of the summons directed to him, plaintiff has failed to comply with the statute.

It is the rule of this Court that unless individual natural persons are served with summons in strict accord with the statute, the service is constitutionally invalid. Such service does not give the court jurisdiction. *Philpott v. Kerns, supra,* 285 N.C. 225, 203 S.E. 2d 778; *Distributors v. McAndrews,* 270 N.C. 91, 153 S.E. 2d 770 (1967). " 'Actual notice, given in any manner other than that prescribed by statute cannot supply constitutional validity to the statute or to service under it.' " *McAndrews,* 270 N.C. at 94, 153 S.E. 2d at 772. Neither *Philpott* nor *McAndrews* was overruled, either expressly or impliedly, by *Wiles.*

Moreover, *Wiles* has been on the books since 1978 and the legislature has not amended N.C.R. Civ. P. 4 to adapt to *Wiles*. While it is true that the conduct of a lawsuit is not a game between counsel, the party seeking jurisdiction over a defendant has the burden of providing sufficient process for that purpose. Here, the plaintiff, represented by counsel, failed to so do with respect to the defendant Maready.

The facts in *Stone v. Hicks*, 45 N.C. App. 66, 262 S.E. 2d 318 (1980), are indistinguishable from those in the Maready case. In *Stone*, the copy of the summons delivered to the defendant Hicks directed the defendant Fowler to appear and answer; the copy delivered to defendant Fowler directed the defendant Hicks to appear. The Court of Appeals held that the service was fatally defective and that no jurisdiction over the defendants was obtained.

In *Neal-Millard Company v. Owens*, 115 Ga. 959, 42 S.E. 266 (1902), the Supreme Court of Georgia held that service on a defendant with process commanding someone else to appear is no process at all as to the defendant and he would have the right to utterly disregard it.

It is conceded that the service on Maready was not as prescribed by the statute. The summons served upon Maready was not directed to him as required by N.C.R. Civ. P. 4(b). Without statutory process, the court acquires no jurisdiction over defendant. *Beaufort County v. Mayo*, 207 N.C. 211, 176 S.E. 753 (1934). "Law is not a 'feather on the water' and it should not be 'quicksand' to trap the unwary." *Id.* at 214, 176 S.E. at 755. Not only was the attempted service unauthorized by law, it was contrary to law, N.C.R. Civ. P. 4(b), and the court did not acquire jurisdiction. 62 Am. Jur. 2d *Process* § 30 (1972). Moreover, the service is constitutionally invalid, preventing the court from obtaining jurisdiction over Maready. *Philpott, supra; McAndrews, supra; Stone, supra.*

This is a hard case, and hard cases tend to make bad law. The law has established one rule for all persons. I cannot concur in the new general rule for service of process which the majority seeks to adopt.

I vote to affirm the Court of Appeals in affirming the dismissal of the claim against defendant Maready for insufficiency of service.

Chief Justice BRANCH joins in this dissenting opinion.