CHARLES W. SWISHER, D/B/A ACCREDITED TESTING SERVICES v. AMERICAN HOME ASSURANCE COMPANY

No. 8510DC1345

(Filed 20 May 1986)

**Physicians, Surgeons and Allied Professions § 1— employment of unlicensed psychologist — guilty knowledge not required**

> There is no requirement of guilty knowledge in N.C.G.S. §§ 90-270.16(c) and 90-270.17 making it a misdemeanor for a psychologist to employ a psychologist who does not possess a valid license.

APPEAL by plaintiff from *Redwine, Judge.* Order granting defendant's motion for summary judgment entered 8 October 1985 in District Court, WAKE County. Heard in the Court of Appeals 7 May 1986.

This is a civil action wherein plaintiff seeks to recover from defendant, plaintiff's insurer, $2,250.00 allegedly repaid to the State of North Carolina for services allegedly performed for the State by an unlicensed psychologist employed by and working with plaintiff. This matter came on for hearing before Judge Redwine, District Court Judge, on defendant's motion for summary judgment.

The evidentiary matter considered by the court in support of and in opposition to the motion discloses the following: Plaintiff, the proprietor of a psychological testing service, employed Dr. Richard Coleman to perform psychological evaluations. Plaintiff contracted to provide psychological testing for the North Carolina

Department of Human Resources. On 18 September 1984 the Department of Human Resources demanded that plaintiff refund $2,250.00 paid by the Department for services rendered by Dr. Coleman because Dr. Coleman was unlicensed to engage in the practice of psychology. Plaintiff allegedly refunded the money paid by the State for Dr. Coleman's services and submitted an insurance claim to defendant. When defendant refused to pay the claim plaintiff instituted this action.

On 8 October 1985, the trial court entered summary judgment for defendant. Plaintiff appealed.

*Milford K. Kirby for plaintiff, appellant.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter and William A. Blancato, for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff first contends that the trial court should have granted plaintiff's motions for default judgment and to strike defendant's motion to dismiss.

The determination of whether an adequate basis exists for setting aside the entry of default rests in the sound discretion of the trial judge. *Byrd v. Mortenson,* 308 N.C. 536, 302 S.E. 2d 809 (1983). Default judgments are not favored, and all doubt should be resolved in favor of setting aside entry of default. *Whaley v. Rhodes,* 10 N.C. App. 109, 177 S.E. 2d 735 (1970). We hold that the trial court did not abuse its discretion in setting aside entry of default.

We need not address the propriety of denying plaintiff's motion to strike defendant's motion to dismiss. Because the trial court did not err in setting aside entry of default and never ruled on defendant's motion to dismiss, the trial court's ruling on plaintiff's motion to strike could not have prejudiced plaintiff. *See Peebles v. Moore,* 302 N.C. 351, 275 S.E. 2d 833 (1981); *Joe Newton, Inc. v. Tull,* 75 N.C. App. 325, 330 S.E. 2d 664 (1985).

Plaintiff also argues that the trial court erred in granting summary judgment for defendant. The insurance contract between plaintiff and defendant explicitly states: "This policy does not apply: (a) To any criminal, fraudulent or malicious act or omis-

sion of the Insured . . . ." G.S. 90-270.16(c) and G.S. 90-270.17 make it a misdemeanor for a psychologist to employ a psychologist who does not possess a valid license. Both parties admit that Dr. Swisher employed Dr. Coleman as a psychologist while Dr. Coleman was unlicensed. Plaintiff contends that the policy provision and the two statutes do not create an insurmountable bar to his claim because the two statutes are not violated unless a psychologist *knowingly* employed an unlicensed psychologist. There is no such requirement of knowledge explicit or implicit in G.S. 90-270.16. *See State v. Hales*, 256 N.C. 27, 122 S.E. 2d 768 (1961); *State v. Curie*, 19 N.C. App. 17, 198 S.E. 2d 28 (1973); 1 *Wharton's Criminal Law* Sec. 23 (C. Torcia 14th ed. 1978). Summary judgment for defendant is affirmed.

Affirmed.

Judges EAGLES and COZORT concur.