IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-745

Filed 4 June 2025

Johnston County, No. 22 CVS000111-500

TONY RUSSELL, Plaintiff,

v.

GEORGE WILLIAM BAGBY TAYLOR JR. D/B/A NATIONAL SPEED OF WILMINGTON, INC. A/K/A NATIONAL SPEED, INC., Defendant.

Appeal by Defendant from order entered 27 March 2024 by Judge Keith O. Gregory in Johnston County Superior Court. Heard in the Court of Appeals 9 April 2025.

*Fox Rothschild LLP, by Matthew Nis Leerberg and Brian C. Bernhardt, for Defendant-Appellant.*

*Wicker Law Firm, P.L.L.C., by Harrison L. Wicker and Jackson D. Wicker, for Plaintiff-Appellee.*

COLLINS, Judge.

George William Bagby Taylor appeals from the trial court's order entering default judgment against him. Taylor argues that the trial court erred by changing the name of the judgment debtor on an Order for Entry of Default Judgment from "National Speed of Wilmington, Inc." to Taylor in his individual capacity, as requested by Plaintiff in his amended Rule 60 motion, and by entering an Order for Entry of Default Judgment against Taylor in his individual capacity. We agree and

vacate the Order for Entry of Default Judgment entered against Taylor.

## I. Background

Plaintiff Tony Russell filed a complaint against National Speed of Wilmington, Inc. ("NSW, Inc.") on 11 January 2022. Plaintiff alleged that NSW, Inc. negligently tuned his vehicle, causing substantial damage to the vehicle, and Plaintiff sought redress. Summons was issued on that date. Plaintiff served the summons and complaint on NSW, Inc. by serving Taylor in his capacity as NSW, Inc.'s registered agent. NSW, Inc. filed an answer to the complaint on 25 March 2022.

Plaintiff filed a motion for leave to file a first amended complaint and served the motion on Lamar Armstrong, Jr., as counsel for NSW, Inc. Armstrong subsequently moved to withdraw as counsel. The trial court granted Armstrong's motion to withdraw and ordered that Plaintiff serve NSW, Inc. by first class mail addressed to: "National Speed of Wilmington, Inc., 6779 Gordon Road, Wilmington, NC 28411."

Plaintiff served the first amended complaint via mail on NSW, Inc. at the address ordered. After receiving no response, Plaintiff moved for entry of default against NSW, Inc. The trial court entered an order of default against NSW, Inc. on May 2023. Plaintiff moved for default judgment against NSW, Inc. and served the motion via mail to NSW, Inc. at the address ordered.

The trial court entered an Order for Entry of Default Judgment against NSW, Inc. for $81,833.68. Plaintiff served the Order for Entry of Default Judgment on

NSW, Inc. at the address ordered.

Plaintiff began collection efforts, including docketing the judgment in New Hanover County. At some point during these efforts, Plaintiff learned that NSW, Inc. had been administratively dissolved in 2012 for failure to file its annual report.

Plaintiff filed a Rule 60 motion to amend the Order for Entry of Default Judgment, asking the trial court to change the name of the judgment defendant from "National Speed of Wilmington Inc." to "George William Bagby Taylor, Jr. d/b/a National Speed of Wilmington." Plaintiff later filed a second Rule 60 motion to amend the Order for Entry of Default Judgment, asking the trial court to change the name of the judgment defendant from "National Speed of Wilmington, Inc." to "George William Bagby Taylor, Jr. d/b/a National Speed of Wilmington f/k/a National Speed, Inc."

After a hearing on Defendant's amended motion, the trial court announced orally that it would allow the motion under Rule 60(a), which permits a trial court to correct clerical errors. Although there was talk of a written order, none appears in the record. What does appear in the record is a red-lined version of the Order for Entry of Default Judgment, which changes the name of the judgment defendant from "National Speed of Wilmington, Inc." to "George William Bagby Taylor, Jr. d/b/a National Speed of Wilmington f/k/a National Speed, Inc" and indicates the entered date as "nunc pro tunc July 11th 2023," the date the Order for Entry of Default Judgment against NSW, Inc. was signed by the trial court. The amended order was

filed 27 March 2024.

Taylor timely filed a Notice of Appeal.

## II. Discussion

Taylor contends that the trial court erred for numerous reasons by changing the name of the judgment debtor on the Order for Entry of Default Judgment from "National Speed of Wilmington, Inc." to Taylor in his individual capacity, as requested by Plaintiff in his amended Rule 60 motion, and entering an Order for Entry of Default Judgment against Taylor in his individual capacity. We agree.

This Court reviews a trial court's grant of a Rule 60 motion for abuse of discretion. *Lumsden v. Lawing*, 117 N.C. App. 514, 518 (1995). "[A]n error of law is an abuse of discretion" and is reviewed de novo. *Miller v. Carolina Coast Emergency Physicians, LLC*, 382 N.C. 91, 104 (2022) (internal quotation marks omitted).

Taylor first argues that the trial court erred by entering an Order for Entry of Default Judgment against him in his individual capacity because the trial court lacked personal jurisdiction. We agree.

For a court to obtain personal jurisdiction over a defendant, a summons must be issued in the name of that individual and service of process secured on that individual by one of the statutorily specified methods. *Grimsley v. Nelson*, 342 N.C. 542, 545 (1996); N.C. Gen. Stat. § 1A-1, Rule 4(j) (2023). If a party fails to obtain valid service of process, "a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." *Bentley v. Watauga Bldg. Supply, Inc.*,

145 N.C. App. 460, 462 (2001).

Under Rule 4 of the North Carolina Rules of Civil Procedure, "[u]pon the filing of the complaint, summons shall be issued forthwith, and in any event within five days." N.C. Gen. Stat. § 1A-1, Rule 4(a) (2023). The summons "shall be directed to the defendant or defendants," *id.* § 1A-1, Rule 4(b) (2023), and service of the summons must be made in a time and manner consistent with Rule 4.

Here, the complaint named NSW, Inc. as the defendant and summons was issued in that name. Plaintiff served the complaint and summons on NSW, Inc. by certified mail to Taylor in his capacity as registered agent for NSW, Inc., not in his individual capacity. Plaintiff amended the complaint and served it on NSW, Inc. as the defendant.

At no point was a summons issued or directed to Taylor in his individual capacity. Thus, valid service of process did not occur, and the trial court did not have personal jurisdiction over Taylor. Accordingly, the Order for Entry of Default Judgment naming Taylor in his individual capacity as defendant is void and is vacated. *See Jones v. Wallis*, 211 N.C. App. 353, 356 (2011) (a default judgment is void if there was a defect in the service of process).

Taylor also argues that Plaintiff's attempt to establish proper service of process on him by substituting him in his individual capacity for NSW, Inc., under the guise of correcting a misnomer, is invalid. We agree.

Rule 4(i) of the Rules of Civil Procedure permits trial courts to allow, in their

discretion, the amendment of any process or proof of service thereof "unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued." N.C. Gen. Stat. § 1A-1, Rule 4(i) (2023). "[T]he discretionary powers of amendment permit the courts to allow amendment to correct a misnomer or mistake in the name of a party." *Harris v. Maready*, 311 N.C. 536, 546 (1984) (citation omitted). "If the amendment amounts to a substitution or entire change of parties, however, the amendment will not be allowed." *Id.* (citation omitted).

Here, NSW, Inc. was a North Carolina Corporation that was administratively dissolved in November 2012; Taylor is a natural person. By his Rule 60 amended motion, Plaintiff did not seek to merely correct a misnomer or mistake in NSW, Inc.'s name. Instead, Plaintiff's attempt to amend the Order for Entry of Default Judgment against NSW, Inc. to name Taylor in his individual capacity as the judgment defendant "amounts to a substitution or entire change of parties" and "will not be allowed." *Id.* Accordingly, the trial court abused its discretion by granting Plaintiff's amended Rule 60 motion.

## III.    Conclusion

The trial court did not have personal jurisdiction over Defendant. Therefore, the Order for Entry of Default Judgment against Taylor in his individual capacity is vacated.

VACATED.

- 6 -

Judges HAMPSON and CARPENTER concur.